THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RICH-TER'S JEWELERS, INC., MORRIS RICHTER and ALAN CUTLER, Appellants.

Argued June 15, 1943; decided October 21, 1943.

*Melvin A. Albert* and *Milton C. Weisman* for appellants. The conviction should be reversed. The admission into evidence, over timely objection, of property illegally seized constituted a violation of the defendants' right against self-incrimination. (State Const., art. I, §§ 1, 6, 12; *People* v. *Defore,* 242 N. Y. 13; *People* v. *Reiss,* 255 App. Div. 509; *Steinhart* v. *Mendocino County,* 137 Cal. 575; *Judd* v. *Board of Education,* 278 N. Y. 200; *Boyd* v. *United States,* 116 U. S. 616; *Olmstead* v.

*United States,* 277 U. S. 438; *Byars* v. *United States,* 273 U. S. 28; *Gouled* v. *United States,* 255 U. S. 298; *Hague* v. *Committee for Industrial Organization,* 101 F. 2d 774; *Nueslein* v. *District of Columbia,* 115 F. 2d 690; *Weeks* v. *United States,* 232 U. S. 383; *United States* v. *Lefkowitz,* 285 U. S. 452; *People ex rel. Boyle* v. *Cruise,* 197 App. Div. 705, 231 N. Y. 639; *Matter of Wendell* v. *Lavin,* 246 N. Y. 115; *Association for Protection of Adirondacks* v. *MacDonald,* 253 N. Y. 234; *Countryman* v. *Norton,* 21 Hun, 17.) The law as enunciated in *People* v. *Defore* (242 N. Y. 13) is not applicable to the facts at bar, to things lawfully possessed. (*People* v. *Hochstim,* 36 Misc. 562; *People* v. *Manko,* 189 N. Y. Supp. 357; *People* v. *Jakira,* 118 Misc. 303; *Weeks* v. *United States,* 232 U. S. 383; *Silverthorne Lumber Co.* v. *United States,* 251 U. S. 385; *Agnello* v. *United States,* 269 U. S. 20; *United States* v. *Lefkowitz,* 285 U. S. 452; *Byars* v. *United States,* 273 U. S. 28; *Nueslein* v. *District of Columbia,* 115 F. 2d 690; *Brown* v. *United States,* 83 F. 2d 383; *Henderson* v. *United States,* 12 F. 2d 528.) The constitutional amendment (State Const., art. I, § 12) requires a reversal of the doctrine enunciated in the *Defore* case. (*Matter of Oliver Lee & Co.'s Bank,* 21 N. Y. 9; *Barnes* v. *Arnold,* 45 App. Div. 314, 169 N. Y. 611; *Gouled* v. *United States,* 255 U. S. 298; *Steinhart* v. *Mendocino County,* 137 Cal. 975; *Pine Martin Mining Co.* v. *Empire Zinc Co.,* 90 Col. 529.) The rule enunciated in the *Defore* case is erroneous. (*People* v. *Adams,* 176 N. Y. 351; *United States* v. *Old Dominion Warehouse,* 10 F. 2d 736; *People* v. *Jakira,* 118 Misc. 303; *People* v. *Creeden,* 281 N. Y. 413.) There was no evidence sufficient to warrant a conviction of any defendant. The conviction of the defendants should be reversed since the information is fatally defective. (*People* v. *Webster,* 17 Misc. 410; *People* v. *Gregg,* 59 Hun, 107; *People* v. *Tremaine,* 129 Misc. 650; *People* v. *Henderson,* 192 App. Div. 852.)

*Frank S. Hogan, District Attorney* (*David Riesman, Stanley H. Fuld* and *Bernard L. Alderman* of counsel), for respondent. The defendants' guilt was established beyond a reasonable doubt. (*People* v. *Federated Radio Corp.,* 244 N. Y. 33; *People* v. *Clarke,* 252 App. Div. 122; *People* v. *Garten,* 235 App. Div. 641; *People* v. *Wahl,* 39 Cal. App. 771; *State* v. *Beacon Pub. Co.,* 141 Kan. 734; *People* v. *Garrell,* 250 App. Div. 720; *People* v.

*Cooper,* 200 App. Div. 413; *United States* v. *Winslow,* 195 F. 578, 227 U. S. 202.) The diamond and the sign advertising it were properly received in evidence. (*Lisansky* v. *United States,* 31 F. 2d 846, 279 U. S. 873; *Linn* v. *United States,* 234 F. 543; *United States* v. *Hart,* 214 F. 655; *Chandler* v. *State,* 93 Fla. 1063; *United States* v. *Hoyt,* 53 F. 2d 881; *State* v. *Brown,* 82 Wash. 100; *People* v. *Bain,* 359 Ill. 455; *Thompson* v. *United States,* 10 F. 2d 781.) The articles were not unreasonably seized. (*Georgio* v. *Batterman,* 134 App. Div. 139; *Fusaro* v. *McKennell,* 120 Misc. 434; *People* v. *Esposito,* 118 Misc. 867.) Under all the circumstances, the seizure was not an unreasonable one. (*Haywood* v. *United States,* 268 F. 795; *Dunham* v. *Ottinger,* 243 N. Y. 423; *United States* v. *B. & M. External Remedy,* 36 F. 2d 53; *Go-Bart Importing Co.* v. *United States,* 282 U. S. 344; *Carroll* v. *United States,* 267 U. S. 132; *Pong Ying* v. *United States,* 66 F. 2d 67; *Van Hook* v. *City of Helena,* 170 Ark. 1083; *Victor* v. *State,* 141 Fla. 508; *Patterson* v. *Comm.,* 252 Ky. 285; *Youman* v. *Comm.,* 189 Ky. 152; *Hyde* v. *United States,* 225 U. S. 347.) Even if the articles had been illegally obtained, the evidence would not thereby have been rendered inadmissible. (*People* v. *Defore,* 242 N. Y. 13, 270 U. S. 657.) The rule of the *Defore* case was not affected by the amendment (art. I, § 12) to the State Constitution. (*People* v. *Kuhn,* 172 Misc. 1097; *People* v. *La Combe,* 170 Misc. 669; *Terrano* v. *State,* 59 Nev. 247; *State* v. *Fleckinger,* 152 La. 337; *Salinger* v. *United States,* 272 U. S. 542; *Robertson* v. *Baldwin,* 165 U. S. 275; *Mattox* v. *United States,* 156 U. S. 237.) The rule of the *Defore* case applies whether the property is contraband or lawfully possessed. (*People* v. *Adams,* 176 N. Y. 351; *People* v. *Bowen,* 120 Misc. 342, 207 App. Div. 901; *People* v. *Mayen,* 188 Cal. 237; *State* v. *Griswold,* 67 Conn. 290; *State* v. *Tonn,* 195 Iowa 94; *State* v. *Fiske,* 117 Kan. 69; *State* v. *Wallace,* 162 N. C. 622; *State* v. *Guida,* 118 N. J. L. 289; *State* v. *Ware,* 79 Ore. 367; *West Greenville* v. *Harris,* 159 S. C. 526.) Public policy and reason dictate adherence to the *Defore* case rule. (*People* v. *Gonzales,* 20 Cal. 2d 165; *State* v. *Nelson,* 231 Iowa 177; *Meisinger* v. *State,* 155 Md. 195; *Terrano* v. *State,* 59 Nev. 247; *State* v. *Black,* 135 Atl. 685; *Commonwealth* v. *Dabbiero,* 290 Penn. St. 174; *State* v. *Pilon,* 163 Atl. 571; *People* v. *Defore,* 242 N. Y. 13; *People* v. *Chiagles,* 237 N. Y. 193; *People* v. *Adams,* 176 N. Y.

351, 192 U. S. 585; *People* v. *Gardner,* 144 N. Y. 119; *State* v. *Frye,* 58 Ariz. 409. There was no variance between information and proof.

LEHMAN, Ch. J. An Inspector of Weights and Measures of the Department of Markets of the City of New York, accompanied by another employee of the Department, entered a store operated by the defendant Richter's Jewelers, Inc., and asked to be shown a ring which was displayed in the store window with a tag attached stating: " 1 Ct. Perfect Diamond. Platinum setting, $265." She was assured by the salesman, the defendant Cutler, that the diamond in the ring was, in fact, a perfect one-carat stone and that the price had been reduced from $350 " to stimulate business." Believing, or at least suspecting, that the diamond weighed less than one carat and was imperfect, the inspector insisted on retaining the ring and the tag, promising to return the ring if upon examination it met the description upon the tag. Her right to retain the ring and tag was immediately challenged by the defendant Morris Richter, the president and manager of the corporation. He sent for his attorney, but the inspector refused to give up either the ring or the tag. Richter took the tag away from her but was told by his attorney to return it. An information was filed charging the three defendants with violation of section 421 of the Penal Law, the offense which is popularly known as " Publishing a misleading advertisement." The defendant Richter was charged also with assault and unlawfully interfering with a public officer in the performance of her duty.

The defendants do not dispute that the ring was imperfect and that it weighed less than a carat. They produced evidence intended to show that the tag, intended for a perfect, one-carat diamond, had been attached by innocent mistake to an inferior smaller stone. The Court of Special Sessions might have accepted the explanation if it had chosen. It was not bound to do so. In any event, though innocent error might render the offense venial, a statement of fact which is untrue, deceptive, or misleading, placed upon a tag " with intent to sell or in any wise dispose of merchandise " constitutes a violation of section 421 of the Penal Law even when the statement is made without " actual evil design or contrivance to perpetrate fraud or injury upon

others." The statutory offense is committed by " material misrepresentations intended to influence the bargain " though at times such misrepresentations may be due to lack of care rather than to dishonesty. (*People* v. *Federated Radio Corp.*, 244 N. Y. 33, 39, 41.)

The Court of Special Sessions found all the defendants guilty of a violation of section 421 of the Penal Law, as charged in the information, and found the defendant Richter guilty also of assault as charged. The Appellate Division unanimously affirmed the judgments convicting the defendants upon the charge of violation of section 421 but reversed, MARTIN, P. J., dissenting, the judgment convicting Richter upon the charge of assault and dismissed that charge. The court held that the seizure of the ring and tag was unlawful, and that the defendant Richter committed no offense by using force to prevent an officer of the law from doing an unlawful act. The defendants have appealed to the court by permission of the writer of this opinion. No appeal has been taken by the People. The evidence produced at the trial, if competent, is sufficient to sustain the judgments of conviction which we must review and we find no merit in the claim that the information charging the offense is fatally defective. The appellants rely mainly upon the contention that the ring and tag were seized unlawfully by the inspector and that property so seized cannot be received in evidence without violation of the right or privilege of the defendants, guaranteed by the Constitution of the State " to be secure * * against unreasonable searches and seizures " (art. I, § 12) and that they shall not be compelled to be witnesses against themselves. (Art. I, § 6.)

The People urge, at the outset, that in this case there has been no unreasonable or unlawful seizure. We do not pass upon that contention now. The Appellate Division has, as we have said, held otherwise, and no appeal has been taken from its judgment in favor of the defendant Richter based upon that holding. In *People* v. *Adams* (176 N. Y. 351, 358) this court said " that the court, when engaged in trying a criminal cause, will not take notice of the manner in which witnesses have possessed themselves of papers, or other articles of personal property, which are material and properly offered in evidence." That is true, the court held, even where the evidence to which objection is made

consists of the papers of a defendant relating to his private affairs which were offered in evidence only for the purpose of furnishing standards of the defendant's handwriting and showing that the office in which other papers relating to the alleged offense were found was occupied by the defendant. " The manner in which the witnesses for the People became possessed of the documentary evidence is a matter of no importance " (p. 359). Its introduction in evidence, even if illegally seized by public officers, the court said, constitutes no violation either " of the Bill of Rights, which protects a citizen against unreasonable searches and seizures " or of the constitutional right of a defendant in a criminal case, to refuse to become a witness against himself. The judgments of conviction which we are now reviewing must be affirmed unless the court now rejects what was said and decided in *People* v. *Adams*.

We should not upon this appeal consider the question whether the seizure of the ring and tag was unlawful and in violation of the provisions of the Constitution if we adhere to the ruling that " the manner in which the witnesses for the People became possessed of the * * * evidence is a matter of no importance."

The decision in *People* v. *Adams* was affirmed by the Supreme Court of the United States in February 1904 (*Adams* v. *New York,* 192 U. S. 585, 597), the court saying: " We think there was no violation of the constitutional guaranty of privilege from unlawful search or seizure in the admission of this testimony. Nor do we think the accused was compelled to incriminate himself * * *. He was not compelled to testify concerning the papers or make any admission about them." More than twenty years after that decision, the question was again presented to this court " whether evidence of criminality, procured by an act of trespass, is to be rejected as incompetent for the misconduct of the trespasser." (*People* v. *Defore,* 242 N. Y. 13, 19.) As in the earlier case the " act of trespass " was an unlawful seizure of the evidence by a police officer. In the meanwhile the Supreme Court of the United States in a series of judgments had " overruled its own judgment in *Adams* v. *New York* " and we recognized that though these later judgments " do not bind us, for they construe provisions of the Federal Constitution, the Fourth and Fifth Amendments, not applicable to the States "

yet " they merit our attentive scrutiny." .The careful scrutiny which the court then gave to these later judgments failed to induce the court to accept " the new doctrine " that the prohibition against unreasonable search and seizure embodies a public policy not otherwise revealed in the Constitution, statutes or judicial decisions of the State that evidence so obtained shall not be used in any manner. The court pointed out, in an opinion by CARDOZO, Ch. J., that in New York, immunity from unreasonable search and seizure is " the creature, not of constitution, but of statute. (Civil Rights Law, § 8.) The Legislature, which created it, has acquiesced in the ruling of this court that the prohibition of the search did not anathematize the evidence yielded through the search." Rejecting the Federal rule and reaffirming the " rule of the *Adams* case " the court said: " We must hold it to be the law until those organs of government by which a change of public policy is normally effected, shall give notice to the courts that the change has come to pass." (*People* v. *Defore,* 242 N. Y. 13, 25.)

Since that decision, no " organ of government " has given notice to the courts that the change has come to pass. True, the immunity from unreasonable search and seizure is no longer a creature of statute, for in 1938 the statute was incorporated in the Constitution. The language remains the same as the language of the Civil Rights Law when this court defined its scope in *People* v. *Defore* (*supra*) and is the same as the language of the Federal Constitution. Doubtless if the effect of that language had not been previously determined authoritatively by this court and if the Legislature had not for almost forty years acquiesced in that ruling, argument might be made that ordinarily the same language in the Constitution of the State of New York and in the Constitution of the United States should be given the same effect and that a sound public policy dictates the conclusion that the constitutional right of immunity of the individual from unreasonable search and seizure should be implemented by rejection of evidence obtained by public officers in violation of the rights of the individual. Even now the Legislature may, if it chooses, give heed to such arguments. This court cannot properly do so.

The framers of the new section of the Constitution were fully informed that in this State the rule was firmly established by

old decisions that rejection of evidence obtained by a public officer through unreasonable search and seizure is not the legal consequence of the officer's trespass. Certainly it cannot be said that the incorporation of the statutory prohibition into the Constitution without change of language was intended to change the scope and effect of the prohibition in a matter of grave importance about which much controversy had raged and is still raging. The intention to leave the rule unchanged is clear even without resort to the proceedings of the convention, and examination of those proceedings merely confirms that conclusion. There is room for discussion whether the convention acted wisely in rejecting proposals to change the New York rule formulated in *People* v. *Defore*. There is hardly room for discussion that the convention decided that no change in the rule should be made by it, leaving the Legislature free, as it had been before, to determine whether and in what circumstances evidence obtained by trespass should be rejected.

We are told, however, that in the *Defore* case the court decided only that under the New York rule " contraband," though seized unlawfully, might be introduced in evidence, and that the court " put aside " the question whether " in some other situation " there may not be need to " qualify or soften " the broad rule adopted by the court in *People* v. *Adams* that the constitutional immunity from compulsory self-incrimination is limited to cases where incriminatory disclosure had been extorted by the constraint of legal process. Now the appellants argue that a distinction should be drawn in the application of the rule between those cases where the evidence is a " contraband " article and those cases where the evidence is a document or article in the innocent possession of the person from whom it is taken. We find no adequate basis in reason or authority for such a distinction. Indeed, though in the *Defore* case the rule was applied to contraband, yet in the *Adams* case it was, as we have said, applied to private papers in the lawful possession of the defendant. When, in the *Defore* case the court put aside the question whether the broad rule there applied might be qualified in some other situation, it added: " In putting it aside, we would not be understood as expressing, even by indirection, a belief that change is called for " (p. 25). We conclude that the objection to the introduction of the evidence was properly overruled,

regardless of whether or not the evidence was obtained unlawfully. Our conclusion in regard to the scope and effect of the constitutional immunity makes it unnecessary to consider other contentions of the People.

The judgment should be affirmed.

LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment affirmed.