## STATE v. H. L. GITELMAN.[1]

December 28, 1945.

No. 34,035.

*Frank J. Collins* and *Mart' M. Monaghan,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Ralph A. Stone,* Assistant Attorney General, *Michael J. Dillon,* County Attorney, and *Luther O. Sletten,* Assistant County Attorney, for the State.

LORING, CHIEF JUSTICE.

Defendant was convicted of false advertising in violation of Minn. St. 1941, § 620.52 (Mason St. 1927, §§ 10390, 10391), which makes it a misdemeanor to use false or misleading statements in any poster with the intent to induce the public to purchase any merchandise. He is here on appeal from an order denying a new trial.

Defendant was engaged in the clothing business at 314 East Hennepin avenue, Minneapolis. On January 10, 1944, he had a placard in the window of his shop advertising men's socks which read as follows: "Genuine Wool Army Sox 35c, 3 for $1.00." On that day, Mr. Frank X. Novak entered the store and asked for the wool socks that had been advertised in the window. He was sold a pair of socks for 29 cents. The label on the bottom of the 29-cent

[1]Reported in 21 N. W.· (2d) 198.

socks read as follows: "15% wool, 5% reprocessed wool, 5% reused wool; 50% cotton, 25% rayon." A placard displayed above this same type of 29-cent sock read as follows: (Red letters) *"Special";* (black letters) *"Wool socks";* (red letters) "29 cents." (Italics supplied.)

Mr. Novak then said: "I asked for the *genuine wool* army sock he had in the window, so he picked out some socks out of a box there, and he sold me those socks as the same thing that was advertised in the window." (Italics supplied.)

The evidence shows that this pair of socks Mr. Novak purchased for 35 cents was stamped on the bottom "50% wool—50% cotton reinforced with 5% cotton in heel and toe, Seconds, * * *." After paying 35 cents for this pair of socks, Mr. Novak asked defendant for the placard out of the window. Defendant removed the placard from the window, and, along with it, he gave Mr. Novak a pair of socks which was displayed with the placard in the window. On the feet of these socks appeared the following: "U. S. Army *Rejects, Irregulars,* 50% wool, 50% cotton, Setz-Right Hos. Mill, Hickory, N. C." (Italics supplied.)

Defendant contends that the judgment of the lower court is not supported by the evidence.

The articles advertised·as "genuine wool" socks were here labeled in a manner which showed their exact composition. The advertising was placed in the window to induce purchase of these goods. The socks were not *wool* but 50% wool and 50% cotton. They were not "genuine"[2] army socks, but army rejects or irregulars. There *is testimony that any sock with wool in it at all is referred to as* a wool sock by jobbers and the like, but there was no showing that the public would so understand such an advertisement. The placards were, therefore, misleading, as the trial court found.

The evidence sufficiently supports the judgment of the lower court. For a similar case, see People v. Richter's Jewelers, Inc.

---

[2]Genuine. Not false, spurious, or adulterated. Funk & Wagnalls "New Standard Dictionary of the English Language" (1944) p. 1021.

124

265 App. Div. 767, 40 N. Y. S. (2d) 751, affirmed, 291 N. Y. 161,
51 N. E. (2d) 690, 150 A. L. R. 560.
Order affirmed.