In the Matter of HARLEM CHECK CASHING CORPORATION, Appellant, against ELLIOTT V. BELL, as Superintendent of Banks of the State of New York, Respondent.

Argued June 6, 1946; decided July 23, 1946.

*Neilson Olcott* and *John H. Jackson* for appellant. I. Under section 605 of the Federal Communications Act of 1934, it was a crime to intercept and divulge telephone messages. This statute creates a rule of evidence binding on all courts, State and Federal, and applies to intrastate as well as interstate messages. Article I, section 12, of the Constitution of the State of New York and section 813-a of the New York Code of Criminal Procedure purporting to legalize such interception and disclosure are violative of the interstate commerce clause of the Federal Constitution (art. I, § 8, cl. 3). (*Weiss* v. *United States*, 308 U. S. 321; *Goldstein* v. *U. S.*, 316 U. S. 114; *Rowan* v. *State*, 175 Md. 547; *People* v. *Kelley*, 122 Pac. 2d 655; *People* v. *Kelley*, 137 Pac. 2d 1; *Erie R. R. Co.* v. *New York*, 233 U. S. 671; *People* v. *Hudson River Connecting R. R. Corp.*, 228 N. Y. 203; *Sablowsky* v. *United States*, 101 F. 2d 183.) II. The order should be reversed because the Superintendent avowedly " considered " the illegal evidence, despite the fact that he asserted, hypothetically, that he would have reached the same result without it. (*Morgan* v. *United States*, 298 U. S. 468.) III. The admission of the evidence objected to resulted in denying appellant a fair hearing. (*People ex rel. Shiels* v. *Greene*, 179 N. Y. 195; *People ex rel. Moynihan* v. *Greene*, 179 N. Y. 253; *Matter of N. Y. City Council* v. *Goldwater*, 284 N. Y. 296.)

*Nathaniel L. Goldstein*, Attorney-General (*John P. Powers* and *Samuel A. Hirschowitz* of counsel), for respondent. The evidence obtained by wire tapping was properly received and did not deprive the witness of any constitutional rights. (*United States* v. *Butler*, 297 U. S. 1; *Townsend* v. *Yeomans*, 301 U. S. 441; *Stafford* v. *Wallace*, 258 U. S. 495; *Terminal Railroad Association of St. Louis* v. *Brotherhood of Railroad Trainmen*, 318 U. S. 1; *Sablowsky* v. *United States*, 101 F. 2d 183; *Twining* v. *State of New Jersey*, 211 U. S. 78; *Brown* v. *Mississippi*, 297 U. S. 278; *Jordan* v. *Massachusetts*, 225 U. S. 167; *Milburne* v. *United States*, 77 F. 2d 310; *People* v. *Richter's Jewelers, Inc.*, 291 N. Y. 161; *People* v. *Defore*, 242 N. Y. 13; *Hubin* v. *State*, 180 Md. 279; *Rowan* v. *State,* 175 Md. 547; *Young* v. *Young*, 56 R. I. 401.)

*Per Curiam.* We are not persuaded that we are constrained by the decision in *Weiss* v. *United States* (308 U. S. 321) to condemn as illegal the disclosure and divulgence, by use in evidence, of the intercepted messages which were recorded by tapping wires in accordance with the statutes of the State as expressly authorized by the Constitution of the State (N. Y. Const., art. I, § 12; Code Crim. Pro., § 813-a). That case dealt with intercepted telephone messages procured without a court order and in violation of the laws of this State (Penal Law, § 1423, subd. 6) by a police officer acting under instructions of a post-office inspector, and the sole question decided was "whether the [Federal] trial court properly received in evidence intercepted telephone communications" (*Weiss* v. *United States*, 307 U. S. 621, 308 U. S. 321, 326). While there are expressions in the opinion of the court which seem to go so far as to interpret the Federal statute as a substantive law forbidding all disclosure or divulgence, the decision was concerned only with the propriety of the receipt of such intercepted messages in evidence on the trial of a criminal case in a Federal court. The State of New York having provided, by Constitution and statute, certain specific methods by which it may exercise its fundamental power of gathering evidence of criminality and of prosecuting crime, it surely is not to be assumed that Congress intended to circumscribe that power **unless it unequivocally indicated such an intent. A Federal**

statute, it is recognized, must be presumed to be limited in effect to the Federal jurisdiction and not to supersede a State's exercise of its police power unless there be a clear manifestation to the contrary. (*Townsend* v. *Yeomans,* 301 U. S. 441, 454; *Atchison Ry.* v. *Railroad Comm.,* 283 U. S. 380, 392–393; *Savage* v. *Jones,* 225 U. S. 501, 533.)

The order should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and FULD, JJ., concur; DYE, J., taking no part.

Order affirmed.