STATE *v.* ROGER MARA.

464

*Gordon M. Tiffany*, Attorney General, *William S. Green*, Deputy Attorney General and *Wyman P. Boynton*, County Solicitor (*Mr. Tiffany* orally), for the State.

*McLane, Davis, Carleton & Graf* (*Mr. Stanley M. Brown* orally), for the defendant.

KENISON, J. The main question presented by this appeal is whether evidence obtained as a result of an unreasonable search is admissible in evidence in a criminal prosecution in this State. Article 19 of Part First of our State Constitution is as follows: "Every subject hath a right to be secure from all unreasonable searches and seizures of his person, his houses, his papers, and all his possessions. Therefore, all warrants to search suspected places, or arrest a person for examination or trial, in prosecutions for criminal matters, are contrary to this right, if the cause or foundation of them be not previously supported by oath or affirmation; and if the order, in a warrant to a civil officer, to make search in suspected places, or to arrest one or more suspected persons or to seize their property, be not accompanied with a special designation of the persons or objects of search, arrest, or

seizure; and no warrant ought to be issued, but in cases, and with the formalities, prescribed by law."

In this case defendant's counsel has made a frontal assault in a competent manner on any rule of law or practice which allows the fruits of an illegal search to be used as evidence in a criminal case. Therefore, we shall not stop to consider whether it is possible to predicate the lawfulness of the search on the alleged lawfulness of the arrest so as to justify the search of the defendant's premises and the seizure of his property without a warrant. R. L., c. 424, s. 6. *Cf. McDonald* v. *United States*, 335 U. S. 451, 454. For the purposes of this case we assume without deciding that the search warrant for the Fraser premises was not broad enough to cover the search of the defendant's apartment. See *Metcalf* v. *Weed*, 66 N. H. 176. Evidence illegally obtained as the result of an unlawful search will stand on the same basis as evidence illegally obtained as an incident of an unlawful arrest. This brings us to the main question presented in this case.

Various jurisdictions in the United States have taken one of two diametrically opposed views on the admissibility of evidence obtained by an unreasonable search or seizure. The majority of the states have held such evidence admissible. *Wolf* v. *Colorado*, 338 U. S. 25. A minority of the states (seventeen in 1948) have followed the federal rule of *Weeks* v. *United States*, 232 U. S. 383, in holding that evidence secured through an illegal search and seizure is inadmissible. At least one state formerly with the majority has joined the minority. *Rickards* v. *State* (Del.), 77 A. (2d) 199 (1950). The arguments in favor of the majority rule have been well stated in *People* v. *Defore*, 242 N. Y. 13 and 8 Wig. Ev. (3rd *ed.*), ss. 2183, 2184. The literature setting forth the merits of the federal rule is equally impressive. See the decisions of the United States Supreme Court following the *Weeks* case, *supra*. A good defense of this position is found in Reynard, Freedom From Unreasonable Search and Seizure— A Second Class Constitutional Right?, 25 Ind. L. J. 259-313 (1950).

In this State it has been the consistent practice for a century to admit relevant evidence in criminal cases although secured illegally. *State* v. *Flynn*, 36 N. H. 64, 70, 72; *Boynton* v. *Trumbull*, 45 N. H. 408, 410; *State* v. *Agalos*, 79 N. H. 241. If the cases that support that practice may be dismissed as *dicta*, there has been no tendency to depart from them. *State* v. *Sturtevant, ante*, 99, 104. Although the federal rule excluding such evidence has been in effect only since 1914 (*Weeks* v. *Weeks*, 232 U. S. 383), it has never been followed or approved in this State. *State* v. *Sturtevant, supra*.

The State says that there is sufficient deterrent against unreasonable searches and seizures by police officers in civil actions brought by the individual defendants. This is answered by the defendant by pointing out that verdicts obtained are usually nominal and in any event inadequate. *Crowley* v. *Hurd*, 58 N. H. 75; *Hussey* v. *Davis*, 58 N. H. 317; *O'Connor* v. *Bucklin*, 59 N. H. 589. Criminal prosecution of the violators is even more illusory when, as in this case, the alleged violation is directed by the prosecuting officers themselves. The defendant's arguments are predicated on a realistic view of the practical aspects of the problem and find support in the dissenting opinions in *Wolf* v. *Colorado*, 338 U. S. 25.

If there is merit in the federal rule, why should it not be adopted in New Hampshire? Recent decisions of the Supreme Court relating to search and seizure seem to exhibit a continually changing and vacillating solution of the problem. 47 Mich. L. Rev. 1137, 1143. One example will suffice. In 1947 the search privilege was expanded (*Harris* v. *United States*, 331 U. S. 145); in 1948 it was contracted (*Trupiano* v. *United States*, 334 U. S. 699); in 1950 the *Trupiano* case was overruled and the power of the police was broadened by a stricter definition of unreasonable search and seizure. *United States* v. *Rabinowitz*, 339 U. S. 56. All of these opinions are sharply divided and the last one, in listing the controlling factors that limit a search without a warrant persuant to a lawful arrest, lays down a standard which the minority thought was dangerously vague. In any event the standard will be a difficult one to apply and its final status will necessarily depend on future adjudications. In the meantime there is "existing uncertainty" (339 U. S. 56, 67) under the present federal rule.

"The most recent federal case involving a factual situation comparable to the instant case is *McDonald* v. *United States*, 335 U. S. 451." We accept this statement of the defendant but were we to adopt the federal rule, the *Rabinowitz* case has "cast serious doubt on . . . McDonald." *Reynard, supra*, 25 Ind. L. J. 259, 302. If an able and experienced judge has difficulty in applying the changing federal rule correctly (*United States* v. *Rabinowitz*, (2d. cir.) 176 F. (2d) 732, 734), greater success is not to be expected of police officers and state courts.

As the situation now stands, the due process clause of the Fourteenth Amendment of the Federal Constitution does not require the rule of exclusion in criminal proceedings in state courts. *Wolf* v. *Colorado*, 338 U. S. 25, 28, 33. A majority of the states and "most of the English-speaking world" have not adopted the exclusionary rule and this includes some states with relatively new constitutions.

*People* v. *Richter's Jewelers, Inc.*, 291 N. Y. 161. New Hampshire has followed the majority rule for a century without legislative restriction. Neither rule is entirely satisfactory to both society and the individual and both rules may be the subject of abuse. Unless the majority rule is subjected to legislative change, we shall continue to follow it unless a higher judiciary requires otherwise. The latter event "must await the judicial miracle of the loaves and fishes, four becoming five." *Rothensies* v. *Cassell*, 103 F. (2d) 834, 837.

In the instant case we have not decided that the articles obtained in the search of Mara's premises were illegally obtained but that the ruling of the Trial Court ("if illegal, it will not affect their value as evidence") was correct.

*Exceptions overruled.*

All concurred.