HAROLD BLACK, Plaintiff, *v.* VINCENT R. IMPELLITTERI et al., Defendants.

Supreme Court, Special Term, New York County, March 17, 1952.

*Denis M. Hurley, Corporation Counsel (E. Allen Jacobs* of counsel), for defendants.

*Emanuel Redfield* for plaintiff.

CORCORAN, J. This is a motion by the defendants to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

The action is brought by the plaintiff, as a taxpayer, under section 51 of the General Municipal Law to enjoin an alleged waste of funds of the City of New York by the defendants who are officers of that city.

The complaint alleges that the defendants have certain duties pertaining to the requisitioning, purchasing, hiring, repairing and replacing of city property, part of which is equipment for intercepting or tapping communications on telephones. It alleges that the ownership and maintenance of such equipment is founded by the defendants on section 12 of article I of the New York State Constitution and section 813-a of the Code of Criminal Procedure. The complaint then alleges that these provisions of the State Constitution and of the Code of Criminal Procedure are in conflict with section 605 of the Federal Communications Act of 1934 (U. S. Code, tit. 47, § 605) and that the Federal statute is the paramount law; and that these provisions also violate the Fourth Amendment of the Federal Constitution.

The relief sought in the complaint is an adjudication that section 12 of article I of the State Constitution and section 813-a of the Code of Criminal Procedure violate the Federal Constitution. An injunction is asked to restrain the defendants from owning, acquiring, maintaining or using wire tapping equipment.

The complaint does not state facts sufficient to constitute a cause of action, and the motion to dismiss is granted. Prescinding from the question whether striking the conclusory allegations from the complaint would not in itself render that pleading a nullity, and giving the allegations in the complaint the broadest possible construction, the plaintiff is not entitled to the relief he seeks under section 51 of the General Municipal Law.

Authorization to police officials and district attorneys to tap telephone wires, subject to the safeguards of obtaining court orders under section 813-a of the Code of Criminal Procedure, is the constitutional and legislative policy of this State. Every attack upon that policy has been turned back by the New York Court of Appeals (*Matter of Harlem Check Cashing Corp.* v. *Bell*, 296 N. Y. 15; *People* v. *Stemmer*, 298 N. Y. 728, affd. by an equally divided court, 336 U. S. 963, petition for rehearing denied, 337 U. S. 921).

Whether police officials or district attorneys determine to exercise the authority granted to them by the State Constitution is a matter of administrative discretion. If they do exercise that authority they must, of course, comply with the protective provisions of the Code of Criminal Procedure. An officer of this State commits no " illegal official act " as that phrase is used in section 51 of the General Municipal Law when he uses wire tapping equipment consonant with the policy of criminal detection expressed in the Constitution and the statutes which he must uphold. Obeying our State's Constitution and statutes is sufficient protection for him.

The plaintiff argues that wire tapping even when authorized by State law, is a crime under the Federal Communications Act. It is not necessary to decide that question, however, because even if the defendants were subject to the penal provisions of that law, it does not follow that the ownership and maintenance of the wire tapping equipment constitutes a waste of public funds. There must be more than illegality to sustain a cause of action under the General Municipal Law. There must be a factual waste of public funds (*Western New York Water Co.* v. *City of Buffalo*, 242 N. Y. 202). Whether or not wire tapping which is authorized by the State nevertheless renders those who do it criminally liable under Federal law would not change the fact that it aids in the apprehension of criminals and the production of evidence for their prosecution. Far from being a waste of public funds, this activity involves expenditures anticipated by this State's constitutional and statutory provisions on wire tapping.

The plaintiff relies upon *Weiss* v. *United States* (308 U. S. 321). In that case, the " sole question decided was ' whether the [Federal] trial court properly received in evidence intercepted telephone communications ' " (*Matter of Harlem Check Cashing Corp.* v. *Bell, supra,* p. 17).

The policy to which we adhere is stated by the Court of Appeals in the *Harlem Check Cashing Corp.* case (*supra,* pp.

17, 18): '' The State of New York having provided, by Constitution and statute, certain specific methods by which it may exercise its fundamental power of gathering evidence of criminality and of prosecuting crime, it surely is not to be assumed that Congress intended to circumscribe that power unless it unequivocally indicated such an intent. A Federal statute, it is recognized, must be presumed to be limited in effect to the Federal jurisdiction and not to supersede a State's exercise of its police power unless there be a clear manifestation to the contrary.''

That policy was reaffirmed by the Court of Appeals decision in *People* v. *Stemmer* (*supra*).

As to the plaintiff's claim that the Fourth Amendment of the Federal Constitution is being violated, that constitutional amendment imposes no limitation upon the powers of State or municipal officers (*Shelton* v. *United States,* 169 F. 2d 665, certiorari denied 335 U. S. 834; *Weeks* v. *United States,* 232 U. S. 383). Section 12 of article I of the State Constitution is our basic law on searches and seizures, and our courts are not bound by decisions of the United States Supreme Court on the effect of illegal searches and seizures (*People* v. *Defore,* 242 N. Y. 13).