THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ABE KATZ, Defendant.

County Court, Westchester County, April 15, 1952.

*Charles D. Lewis* for defendant.

*George M. Fanelli, District Attorney (John C. Marbach* of counsel), for plaintiff.

BRENNAN, J.  The defendant, having been convicted of violating section 986 of the Penal Law after a trial in the Court of Special Sessions in the village of Tarrytown, N. Y., has applied to this court for a certificate pursuant to section 527 of the Code of Criminal Procedure.  The defendant contends that the trial court erred in receiving in evidence telephone communications obtained as a result of a wire tap made pursuant to an order of this court and which order, it is contended, was void by reason of the fact that the affidavit upon which the same was based was not sworn to before this court (but was sworn to before a notary public) and failed to describe particularly the persons whose conversations were to be intercepted, in accordance with section 813-a of the Code of Criminal Procedure.

In this court's opinion, it is sufficient if the affidavit upon which such an order is based be sworn to before any person authorized by law to administer an oath.  So too, it is this court's opinion that the failure to specify in said affidavit the persons whose conversations are to be intercepted constitutes an irregularity and not a jurisdictional defect so as to render the order void.  However, even if it be held that said failure is a jurisdictional defect and the order be thus rendered void, nevertheless the aforesaid evidence, obtained without an order or upon a void order, is properly admissible.

Prior to the adoption, in 1938, of section 12 of article I of the Constitution of this State, it was held that a court when trying a criminal cause would not take notice of the manner in which witnesses possessed themselves of papers or other articles of personal property which were material and properly offered in evidence.  (*People* v. *Adams,* 176 N. Y. 351; *People* v. *Defore,* 242 N. Y. 13.)  The same rule was followed with respect to evidence obtained by means of intercepted telephone messages. (*People* v. *Mummiani,* 258 N. Y. 394, 412; *People* v. *McDonald,* 177 App. Div. 806; *Matter of Davis,* 252 App. Div. 591.)  The rulings in the above cited cases and the position of this State with regard to the admission of evidence illegally seized or procured, was the subject of prolonged debate at the Constitutional Convention of 1938.  No provision was there made for the exclusion of evidence secured in violation of said section 12 of article I of the Constitution relating to the safeguard against unreasonable searches and seizures and also relating to the

right of security against unreasonable interception of telephone communications. Nor was such provision made in 1942 when the Legislature enacted section 813-a of the Code of Criminal Procedure. (L. 1942, ch. 924.) It is therefore patent that the adoption of the constitutional prohibition against unreasonable interception of wire communications has not changed the law with respect to the admissibility of the same in evidence. In the opinion of this court, the failure of the Constitutional Convention and the Legislature to provide for the exclusion of evidence consisting of illegally intercepted conversations must be taken as an indication that no such result was intended. (Cf. *People* v. *Richter's Jewelers,* 291 N. Y. 161.) Nor does the Federal Communications Act of 1934 (§ 605; U. S. Code, tit. 47, § 605) prohibit the admission in evidence in State courts of evidence procured by wire tapping. (*Matter of Harlem Check Cashing Corp.* v. *Bell,* 296 N. Y. 15; *Leon* v. *State,* 180 Md. 279, certiorari denied *sub nom. Neal* v. *Maryland,* 316 U. S. 680.)

Accordingly, the application is denied. Submit order.