Matthew M. Levy, J.
It may well be that — in these enlightened times of legal equality between the sexes, and the recognized matrimonial and biological fact that the plaintiff’s loss of an injured spouse’s society may be felt as keenly by the plaintiff in a case where the mate is a male as where the spouse is a female — there is “no logic to the contention that a husband may sue for loss of consortium, but a wife may not where the injury caused by the third party is merely the result of negligence.” (Colden, J., in Passalacqua v. Draper, 199 Misc. 827, 830.) And it seems to be the recent trend in a number of other jurisdictions to acknowledge the anachronism of the earlier view (Hitaffer v. Argonne Co., 183 F. 2d 811, cert, denied 340 U. S. 852; Acuff v. Schmit, 78 N. W. 2d 480 [Iowa]; *962 Brown v. Georgia-Tennessee Coaches, 88 Ga. App. 519; cf. McDade v. West, 80 Ga. App. 481). Indeed, I would be inclined to follow that trend were it an open question for this court, notwithstanding that I am aware that in a substantial majority of the States the wife would be denied recovery of damages in such case (see cases cited in 23 A. L. R. 2d 1378,1385,1389-1397 ; and also Seymour v. Union News Co., 217 F. 2d 168; Filice v. United States, 217 F. 2d 515; Nickel v. Hardware Mut. Cas. Co., 269 Wis. 647).
But Judge Golden’s views were not approved by the Appellate Division in his department (279 App. Div. 660), and, more definitive, the issue was resolved for this State by the Court of Appeals in Landwehr v. Barbas (270 N. Y. 537) and in Don v. Benjamin M. Knapp, Inc. (306 N. Y. 675). In the circumstances, if change of rule there is to be, it must be pronounced for me by the Court of Appeals (cf. Woods v. Lancet, 303 N. Y. 349) or be enacted for me by the Legislature (Sen. Int. No. 908, Pr. No. 937, Kraf, Senator [1957 Sess.]).
This motion by defendant to dismiss the complaint for insufficiency must be, and is, therefore, granted. Settle order directing the entry of judgment accordingly.