**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles V. GRIS, Defendant-Appellant.**

**No. 376, Docket 24463.**

United States Court of Appeals
Second Circuit.

Argued June 7, 1957.

Decided Aug. 16, 1957.

Paul W. Williams, U. S. Atty. for Southern District of New York, New York City (John D. Roeder, Executive Asst. U. S. Atty., and Arthur B. Kramer, Asst. U. S. Atty., New York City, of counsel), for plaintiff-appellee.

Delaney & Donoghue, New York City (Irving I. Erdheim and Leo Marcus, New York City, of counsel), for defendant-appellant.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

MEDINA, Circuit Judge.

Appellant, a private detective, was employed by Sammy Fain to obtain evidence for use in an action for divorce which Fain had brought in a New York State court against his wife Sally. The spouses were separated and the wife was liv-

ing with her son in an apartment in a hotel in New York City, in which there was installed a private phone, listed in her name. As part of his program of investigation appellant procured the services of Bernard B. Spindel, a government witness at the trial, who described himself as an expert in electronics, eavesdropping and wiretapping, who had practised his calling for many years.

The result was that appellant rented the apartment adjoining that of Mrs. Fain, a hole was drilled in the wall, and an elaborate wiretapping apparatus was installed in such fashion that one of appellant's employees, on twenty-four hour a day duty, would be alerted by a buzzer and a neon-type glow lamp when Mrs. Fain's telephone was in use. On such occasions appellant's operator would not only listen in but also adjust a mechanical device on which the conversation over Mrs. Fain's telephone would be recorded. There was undisputed evidence that conversations between Mrs. Fain and Bernard Cherin, relating to business matters, were thus recorded, that neither Mrs. Fain nor Mr. Cherin had authorized the interception of the conversations, nor did they have any knowledge of the fact that the wiretap had been installed. There was further evidence that the tape recordings of these conversations were played over for the benefit of appellant and his employer Mr. Fain, and that Spindel also heard them. Indeed, Spindel testified with evident satisfaction that the wiretap functioned perfectly.

A jury was waived, Judge Ryan found appellant guilty as charged in Count Two of the indictment, alleging a violation of 47 U.S.C.A. §§ 501 and 605, and appellant was sentenced to 30 days' imprisonment. Appellant was released on bail by Judge Ryan pending this appeal.

In view of our recent decisions in United States v. Benanti, 2 Cir., 244 F. 2d 389, May 6, 1957, and United States v. Costello, 2 Cir., 247 F.2d 384, appellant's guilt seems clear beyond cavil.

But appellant urges several grounds for reversal, none of which has any merit whatever.

The principal contention seems to be that, in view of Article I, Section 12 of the New York Constitution, Section 813-a of The New York Code of Criminal Procedure, and certain decisions of the New York Court of Appeals, Sections 501 and 605 of the Federal Communications Act constitute an unconstitutional encroachment "upon the public powers of the States." The references are to the New York constitutional and statutory provisions which authorize an ex parte order for the interception of telegraphic or telephonic communications, under certain circumstances and on the application of certain public officials, by any justice or judge of certain designated courts. Appellant tells us that wiretapping is thus expressly permitted, and that wiretap evidence is admissible in the New York courts where this procedure is followed, People v. Saperstein, 2 N.Y.2d 210, 159 N.Y.S.2d 160, 140 N.E.2d 252, certiorari denied 353 U.S. 946, 77 S.Ct. 825, 1 L. Ed.2d 856; People v. Feld, 305 N.Y. 322, 113 N.E.2d 440; People v. Tieri, 300 N. Y. 569, 89 N.E.2d 526; People v. Stemmer, 298 N.Y. 728, 83 N.E.2d 141; Harlem Check Cashing Corp. v. Bell, 296 N. Y. 15, 68 N.E.2d 854, and even where the proscribed procedure has not been followed. Application For an Order Permitting the Interception, of Telephone Communications of Anonymous, 207 Misc. 69, 136 N.Y.S.2d 612; People v. Katz, 201 Misc. 414, 114 N.Y.S.2d 360; In re Davis, 252 App.Div. 591, 299 N.Y. S. 632; People v. McDonald, 177 App. Div. 806, 165 N.Y.S. 41. But these latter cases are merely a facet of the broader New York rule which allows evidence to be used despite the fact that it has been obtained unlawfully or even in violation of constitutional mandate. People v. Richter's Jewelers, 291 N.Y. 161, 51 N. E.2d 690, 150 A.L.R. 560; People v. Defore, 242 N.Y. 13, 150 N.E. 585, certiorari denied 270 U.S. 657, 46 S.Ct. 353, 70 L.Ed. 784; People v. Adams, 176 N.Y. 351, 68 N.E. 636, 63 L.R.A. 406, affirmed 192 U.S. 585, 24 S.Ct. 372, 48 L.Ed. 575.

■■ It would perhaps suffice to say that the wiretap so ingeniously installed

and operated by appellant was not authorized by the order of any judge of any court. But the answer to appellant's contention cuts deeper than this. The Supremacy Clause of the United States Constitution, Article VI, clause 2, provides:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

In case of conflict, the state law, not an otherwise unobjectionable federal statute, must give way.

We add a word concerning the state court decisions admitting wiretap evidence. As we held in United States v. Benanti, supra, the state is powerless to grant immunity from the federal act, and we do not read the above cited decisions of the New York Court of Appeals as holding otherwise. All that court has been called upon to decide, and all it did decide, as we read the cases, is that the federal act does not *ex proprio vigore* render wiretap evidence inadmissible in a state court. As the New York high court pointed out in People v. Saperstein, supra, the United States Supreme Court approved that position in Schwartz v. State of Texas, 344 U.S. 199, 73 S.Ct. 232, 97 L.Ed. 231. Appellant cannot derive support from these state court decisions in any event, for, as we have already noted, he did not attempt to obtain the warrant required by the New York statutory procedure.

■ Appellant also contends that he should have been acquitted because the prosecution was not undertaken at the instance of the Federal Communications Commission. He relies upon 47 U.S.C.A. § 401(c), which provides that "Upon the request of the Commission it shall be the duty of any United States Attorney" to prosecute violations of the act. This section does not contain any provision to the effect that the United States Attorney may not act except upon the request of the Commission, and it would be absurd to attribute such an intention to the Congress. Obviously, many instances of wiretap violations will be brought to the attention of the many United States Attorneys throughout the country before such violations are discovered by the F CC. We cannot imagine why the Congress should want to stultify enforcement of the Federal Communications Act by requiring all prosecutions to be funneled through the Commission.

■ Appellant next contends that the act does not apply to the calls he intercepted, because they were intrastate in character rather than interstate or foreign. This contention is completely refuted by Weiss v. United States, 308 U.S. 321, at page 327, 60 S.Ct. 269, at page 271, 84 L.Ed. 298, wherein the Court said:

"The section consists of four classes separated by semicolons. The pertinent one is the second: 'and no person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person;'. Plainly the interdiction thus pronounced is not limited to interstate and foreign communications. And, as Congress has power, when necessary for the protection of interstate commerce, to regulate intrastate transactions, there is no constitutional requirement that the scope of the statute be limited so as to exclude intrastate communications."

And 308 U.S. at page 329, 60 S.Ct. at page 272:

"We hold that the broad and inclusive language of the second clause of the section is not to be limited by construction so as to exclude intrastate communications from the protection against interception and divulgence."

 Curiously enough, appellant also argues that the Federal Communications Act itself bars the admission of the intercepted calls without the prior express consent of both of the parties to the communication. It is apparently seriously urged that the statute should be so read as to be self-emasculating. But, as we pointed out in United States v. Benanti, supra, the statute does not itself enact a rule of evidence. Wiretap evidence is excluded by the federal courts in order to discourage persons from undertaking the proscribed activities in an effort to obtain evidence for use in those courts. Where exclusion would not serve this purpose, the evidence is admitted. Here enforcement of the congressional mandate clearly requires the admission rather than the exclusion of the unlawfully intercepted calls. Were the rule otherwise, appellant would nevertheless have no standing to object to the admission of this evidence, for he was not a party to the calls. Goldstein v. United States, 316 U.S. 114, 62 S.Ct. 1000, 86 L.Ed. 1312.

 Finally, despite the overwhelming and substantially undisputed proof that appellant deliberately embarked upon this patently illegal enterprise, he tells us that the record is devoid of evidence that he acted "willfully and knowingly," within the meaning of 47 U.S. C.A. § 501. The argument runs something like this: the husband paid all the bills for his wife's hotel apartment, the wiretap recordings were heard only by the husband, by the husband's attorney, and appellant and his employees, who were in effect agents of the husband, and, as the New York Courts have ruled,[1] it is not a violation of the state wiretapping statute, New York Penal Law, McKinney's Consol.Laws, c. 40, § 1423, for a subscriber to tap his own line. From these premises it is said to be apparent that appellant, who did not testify in his own defense, had no idea he was violating the federal statute. There is

nothing in this. It matters not whether appellant realized his conduct was unlawful. He knew exactly what he was doing; and what he did was a violation of the Federal Communications Act. He intended to do what he did, and that is sufficient. United States v. Illinois Central R. Co., 303 U.S. 239, 58 S.Ct. 533, 82 L.Ed. 773.

In view of the foregoing discussion it is clear that there was no error in Judge Bryan's pre-trial rulings.

Affirmed.

---

[1] People v. Saperstein, supra; People v. Appelbaum, 301 N.Y. 738, 95 N.E.2d 410, affirming without opinion 277 App.Div. 43, 97 N.Y.S.2d 807; Erlich v. Erlich, 278 App.Div. 244, 104 N.Y.S.2d 531.