Thomas Dickers, J.
With the object of setting the groundwork for an eventual move to dismiss the indictment, defendant *183 brings this motion for permission to inspect the Grand Jury minutes of this prosecution.
He contends that ‘ ‘ wiretapping was extensively resorted to and used ’ ’ in order to obtain the indictment, which charges the crimes of conspiracy (one count) and bribing a participant in a professional sport (ten counts).
He maintains that all evidence derived from wire tapping, falls under the ban of the Federal Communications Act of June 19, 1934 (48 U. S. Stat. 1103; U. S. Code, tit. 47, § 605), and of section 2 of article VI, the supremacy clause, of the United States Constitution.
That such evidence was presented to the Grand Jury, is readily conceded by the District Attorney.
The concession narrows the issue to this precise question: May this type of evidence when obtained by local law-enforcement officers pursuant to authorized State law, be used in a State prosecution, despite section 605 of title 47 of the United States Code, prohibiting the interception of telephonic communications ?
In support of the motion, defendant confidently relies on the recent case of Benanti v. United States (355 U. S. 96) as the final binding authority for the judicial declaration that section 605 of the Federal Communications Act has had the decisive effect of vitiating section 12 of article I of the Constitution of the State of New York and its derivative statute, section 813-a of the New York Code of Criminal Procedure, which permits official wire tapping in this State; consequently, any information secured in violation of section 605, must be regarded as a nullity for evidentiary use.
This is the sole and only legal contention now urged by defendant.
In opposition to the motion, the District Attorney contends that the Benanti case (supra) “ dealt solely with the admissibility of wire tap evidence at a federal trial.” He points out that the case of Schwartz v. Texas (344 U. S. 199) reviewed and reaffirmed thereafter in the Benanti case (supra) had upheld the use of such evidence in proceedings of a State court, in consonance with a similar rule enunciated by the Court of Appeals of this State.
This is the sole and only contention offered in opposition by the District Attorney.
An extensive research and a careful analysis of various judicial authorities indicate that the substantive aspect of section 605 forms no barrier to the admission of such evidence, for the following reasons:
*184 1. The abstention by the United States Supreme Court from a complete determination of the question.
2. The adjudication by the New York Court of Appeals in holding that section 605 places no restriction or qualification on the use of wire-tapping evidence in the courts of this State.
3. The further ruling by the Court of Appeals that Congress, in any event, has no right to exercise any power to legislate a rule of evidence for State courts.
The first two of the afore-stated reasons will be hereafter considered in combined form.
In Schwartz v. Texas (supra) the immediate predecessor of the Benanti case (supra) the court provides the keynote of this controversy in this language (344 U. S. 201): “ the question we have is whether these communications arc barred by the federal statute, § 605, from use as evidence in a criminal proceeding in a state court. We think not.” (Emphasis supplied.)
Then, observing that the construction of section 605 was held to apply to Federal courts, and this even though the communications were intrastate telephone calls, citing therefor Nardone v. United States (302 U. S. 379) and Weiss v. United States (308 U. S. 321, 329), the court in the Schwartz case (supra) continues in this vein (344 U. S. 201): “Although the intercepted calls would be inadmissible in a federal court, it does not follow that such evidence is inadmissible in a state court.” (Emphasis supplied.)
Then again (344 U. S. 202): “ This question has been many time before the state courts, and they have uniformly held that § 605 does not apply to exclude such communications from evidence in state courts. Leon v. State, 180 Md. 279 * * *; People v. Stemmer, 298 N. Y. 728 * * *; Harlem Check Cashing Corp. v. Bell, 296 N. Y. 15 * * *; People v. Channell, 107 Cal. App. 2d 192, * * *. While these cases are not controlling here, they are entitled to consideration because of the high standing of the courts from which they come.” (Emphasis supplied.)
(See in addition to the New York cases cited in the Schwartz case, supra, on this point, also the New York cases of People v. Saperstein, 2 N Y 2d 210, cert, denied 353 U. S. 946; People v. Katz, 201 Misc. 414; Matter of Davis, 252 App. Div. 591 and Black v. Impelliteri, 201 Misc. 371, affd. 281 App. Div. 671 — all dealing favorably with the admission of such evidence in the courts of this State. See, also, Commonwealth of Pennsylvania v. Voci, 393 Pa. 404.)
The court in the subsequent Benanti case (supra) elected not to disturb its prior determination in the Schwarts case (supra) *185 expressing itself thereof in the following manner (355 U. S. 101-102): “In the instant case we are not dealing with a state rule of evidence.”
Another extract from the Schwartz case (supra) the substance of which will be scrutinized more closely under its pertinent reason “3,” is also worthy of note here (344 U. S. 203): “ Since we do not believe that Congress intended to impose a rule of evidence on the state courts, we do not decide whether it has the power to do so.”
And the Benanti case (supra, p. 101) followed with this clarifying explanation: ‘ ‘ The rationale of that case is that despite the plain prohibition of Section 605, due regard to federal-state relations precluded the conclusion that Congress intended to thwart a state rule of evidence in the absence of a clear indication to that effect.”
The defendant strongly urges as extra support for his cause that, and I quote (defendant’s reply memo, p. 14): “ the State of New York cannot and should not, by the process of disobedience, nullify an Act of Congress.” This apparently is another way of saying, as Judge Hoestadteb had advanced in a broader sense in Matter of Interception of Telephone Communications, 9 Misc 2d 121, 125), that “ when Congress enacts legislation within its competence, and it becomes the ‘ supreme Law of the Land ’ under the Constitution, State interests must yield to the paramount national concern.”
To this general rule of the organic law of the land, I fully subscribe. But, section 605 in itself as an integral part of the organic law of the land, is not the foundation upon which this motion rests. The foundation is use of intercepted telephonic communications as evidence in this State — evidence that is the product of a violation of the substantive law, section 605. This and this alone, is the subject of my judicial inquiry. For a violation of the statute, section 501 of the act provides the appropriate remedy within the confines of Federal jurisdiction.
As aptly stated in the Schwartz case (supra) and I quote (344 U. S. 201): “the introduction of the intercepted communications would itself be a violation of the statute, but in the absence of an expression by Congress, this is simply an additional factor for a state to consider in formulating a rule of evidence for use in its own courts. Enforcement of the statutory prohibition in § 605 can be achieved under the penal provision of § 501.”
In other words, the failure of Congress to provide a clear enactment regarding the legality of evidence procured by tapping telephone wires for use in a State court, leaves the *186 optional use of such evidence with State courts. On the other hand, the remedy for enforcement of the act, is made available, under section 501, within the domain of Federal jurisdiction.
Having discussed reasons “ 1 ” and “ 2,” I shall now proceed to a discussion of reason “ 3.”
Reverting again to the Schwartz case (supra) (the Benanti case, supra, not having decided the point), I conclude therefrom that the suibject concerning the power of Congress to impose a rule of evidence upon State courts, is still an open question, and so, until the Federal Supreme Court decides it, the matter, to that extent, remains without its authoritative expression. (Matter of Holmes, 291 N. Y. 261, 268.) Therefore, under the rule of stare decisis, I am impelled to look for the answer in the New York State decisions. (Matter of Holmes, supra, p. 268.)
Generally, the law of the forum governs the admissibility of evidence. (United States Mtge. & Trust Co. v. Ruggles, 258 N. Y. 32, 40; Restatement, Conflict of Laws, § 597.) Rules of evidence in civil cases are applicable to criminal cases. (Matter of Investigation etc., County of Kings, 286 App. Div. 270.) The law prevailing within the forum is required to be judicially noticed, whether statutory or based upon judicial decision. (Richardson, Evidence [8th ed.], § 17.)
As to the salient feature, that is, the power of Congress to legislate evidence for the State, I find in People ex rel. Barbour v. Gates (43 N. Y. 40, 44) the following view expressed concerning a Federal statute: “ That act, so far as it prescribes a rule of evidence, is operative only in the federal courts, and has no application to the courts of a State.” (Emphasis supplied.)
Then, again, in the case of Moore v. Moore (47 N. Y. 467) the court, in referring to the basis of the decision in the Barbour case (supra) commented as follows at page 468: “This went upon the principle that the federal government could not prescribe a rule of evidence for the State courts.” (Emphasis supplied.)
(See, also, People ex rel. Consumers’ Brewing Co. v. Fromme, 35 App. Div. 459 and Neldert v. Chicago, Rock Is. & P. R. R. Co., 89 Misc. 282, revd. on other grounds 169 App. Div. 677.)
The Court of Appeals uniformly settles the law for the entire State and finally determines its principles. (Matter of Miller, 257 N. Y. 349, 357.) Established precedents “ are not to be lightly set aside even though they seem archaic.” (Schindler v. Royal Ins. Co., 258 N. Y. 310, 314.) Until changed by the *187 highest court of this State or by the Legislature, the law stands as it is. (Kronenbitter v. Washburn Wire Co., 5 Misc 2d 961.)
The inescapable conclusion to which I am led by virtue of the rulings made by the Court of Appeals, is that Congress lacks the power to enact legislation which would impose a rule of evidence upon State courts.
As a Judge, I cannot forego any of the functions of my judicial office. (People v. Canfora, 9 Misc 2d 930, affd. 6 A D 2d 781.) The criminal law must be administered as I find it, no matter how unfortunate it may prove to be for a defendant. (People v. Green, 137 App. Div. 763; Williams Inst. Colored M. E. Church v. City of New York, 275 App. Div. 311.) Judges expound the law, they do not make it. (Neldert v. Chicago, Rock Is. & P. R. R. Co., supra; Kronenbitter v. Washburn, supra, Ballentine’s Law Dictionary [2d ed.], English translations, pp. 373, 703.) Hence, under the rule of stare decisis, it is my bounden duty as Judge of a subordinate tribunal to apply the doctrine as laid down in the opinions of the highest court of this State. (Schindler v. Royal Ins. Co., supra; Kronenbitter v. Washburn, supra.)
The subject under consideration has been dealt with at length because of its wide public interest and significance. For the same reason I am here treating this motion as one for a dismissal of the indictment as well as for an inspection of the minutes under the prayer for such other and further relief (cf. People v. Dorsey, 176 Misc. 932, and, see, Kellogg v. Commodore Hotel, 187 Misc. 319), being mindful of the rulings set forth in People v. Howell (3 N Y 2d 672).
In accordance with the above review, I have no alternative but to rule in the negative. Therefore, the motion is denied in all respects.