Matthew M. Levy, J.
The defendant moves for dismissal of the complaint, pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, upon the ground that the suit is barred by the Statute of Limitations (Civ. Prac. Act, § 50, subd. 1). The action is for alleged medical malpractice. The complaint *38 was amended after motion, but both sides request that the application be considered upon the basis of the new pleading.
The operation in this instance occurred in New York City on July 4,1952. It was an appendectomy and it is alleged that, unbeknownst to the plaintiff patient, she remained with an abdomen containing a surgical sponge. Thereafter, she moved to California, where, sometime in April of 1957, she experienced — for the first time, it is asserted — some pain, as a result of which the alleged malpractice was discovered in January of 1958. The action was commenced by patient and her husband in July, 1958.
In their answering affidavit, the plaintiffs admit that this is “ a personal injury action to recover damages for mal-practice ”. And, in their brief, they recognize that, if the cause of action arose in this State, this suit thereon is time-barred under existing law. But, they argue, there was no cause of action until there was damage, there was no damage here without pain, the pain was first felt in California, and, in consequence, it is the law of that State that determines liability (Poplar v. Bourjois, 298 N. Y. 62), and thus, as has been held in that State, no cause of action accrued until the “patient has discovered, or by reasonable diligence should have discovered, that a foreign substance was left in his [her] body ” (Bowers v. Olch, 120 Cal. App. 2d 108, 117).
The contention is ingenious, but, as I see it, fallacious. Analysis and analogy must not be ignored. Let me, therefore, examine the argument by presenting what I consider to be a logical example. If the plaintiffs’ contention were sound, we should be compelled to hold that a cause of action for brain damage resulting from a vehicular collision does not arise when the contact occurs, but rather when the sequellae of post-concussion syndromes come to light. The contrary, of course, is the established law (Schmidt v. Merchants Desp. Transp. Co., 270 N. Y. 287, 300-301).
I hold that the injury here actually occurred — insofar as this defendant’s causative acts are concerned — when the operation was complete.* The damage was done then, and not when pain was first felt. Pain is the result of the injury, not the injury itself.
The plaintiffs make a stirring appeal for a change of the New York law in malpractice cases. It is undoubtedly within the competence of the courts to make the change (see Woods v. *39 Lancet, 303 N. Y. 349, 355; Bing v. Thunig, 2 N Y 2d 656, 667). But, in the light of the very recent appellate determinations (Golia v. Health Ins. Plan of Greater N. Y., 6 A D 2d 884, affd. 7 N Y 2d 931; Conklin v. Draper, 229 App. Div. 227, affd. 254 N. Y. 620; Carr v. Lipshie, 8 A D 2d 330; cf. Robins v. Finestone, 308 N. Y. 543), whether Special Term may properly take the initiative is another matter (cf. Kronenbitter v. Washburn Wire Co., 5 Misc 2d 961, affd. 4 A D 2d 936, affd. 4 N Y 2d 524).
No attempt has been made by the plaintiffs to support any cause of action on any ground other than hereinbefore stated, and no effort has been made by them to differentiate between or among the respective counts pleaded in the complaint. On this submission, the motion to dismiss the several causes of action alleged in the complaint must be and it is granted. An order has been signed and entered directing the Clerk to enter a judgment of dismissal.

 That the Statute of Limitations is held not to begin to run until postoperative treatments by the defendant physician have ceased (Budoff v. Kessler, 284 App. Div. 1049) does not affect the force of the reasoning here employed.