# SCHWARTZ v. TEXAS.

No. 41.   Argued November 12, 1952.—Decided December 15, 1952.

*Maury Hughes* and *Reuben M. Ginsberg* argued the cause and filed a brief for petitioner.

By special leave of Court, *Calvin B. Garwood, Jr.,* Assistant Attorney General of Texas, *pro hac vice,* and *Henry Wade* argued the cause for respondent. With them on the brief were *Price Daniel,* Attorney General, *Hugh Lyerly* and *William S. Lott,* Assistant Attorneys General, and *Ray L. Stokes.*

MR. JUSTICE MINTON delivered the opinion of the Court.

The petitioner, Schwartz, a pawnbroker, entered into a conspiracy with Jarrett and Bennett whereby the latter two were to rob places to be designated by Schwartz and

bring the loot to him to dispose of and divide the proceeds with them.   Pursuant to the plan, Jarrett and Bennett robbed a woman in Dallas, Texas, of her valuable jewels and brought the loot to the petitioner.   After the petitioner repeatedly delayed settlement with the robbers, the thieves finally fell out, which proved very helpful to the police.   The petitioner tipped off the police where they could find Jarrett.   After Jarrett had been in jail about two weeks, he consented to telephone the petitioner from the sheriff's office.   With the knowledge and consent of Jarrett, a professional operator set up an induction coil connected to a recorder amplifier which enabled the operator to overhear and simultaneously to record the telephone conversations between Jarrett and the petitioner.   These records were used as evidence before the jury that tried and convicted the petitioner as an accomplice to the crime of robbery.   The records, admitted only after Jarrett and the petitioner had testified, corroborated Jarrett and discredited the petitioner.   The Court of Criminal Appeals of Texas upheld the conviction, —— Tex. Cr. R. ——, 246 S. W. 2d 174, rehearing denied, —— Tex. Cr. R. ——, 246 S. W. 2d 179.   We granted certiorari, 343 U. S. 975.

Petitioner contends that § 605 of the Federal Communications Act[1] makes inadmissible in evidence the records of intercepted telephone conversations without the petitioner's consent.   The pertinent provision of the statute reads as follows:

"... no person not being authorized by the sender shall intercept any communication and divulge or publish the existence, ·contents, substance, purport, effect, or meaning of such intercepted communication to any person . . . ."

---

[1] 48 Stat. 1064, 47 U. S. C. § 151 *et seq.*

Section 501 of 47 U. S. C. provides a penalty for the violation of § 605.

We are dealing here only with the application of a federal statute to state proceedings. Without deciding, but assuming for the purposes of this case, that the telephone communications were intercepted without being authorized by the sender within the meaning of the Act, the question we have is whether these communications are barred by the federal statute, § 605, from use as evidence in a criminal proceeding in a state court.

We think not. Although the statute contains no reference to the admissibility of evidence obtained by wire tapping, it has been construed to render inadmissible in a court of the United States communications intercepted and sought to be divulged in violation thereof, *Nardone* v. *United States,* 302 U. S. 379, and this is true even though the communications were intrastate telephone calls. *Weiss* v. *United States,* 308 U. S. 321, 329. Although the intercepted calls would be inadmissible in a federal court, it does not follow that such evidence is inadmissible in a state court. Indeed, evidence obtained by a state officer by means which would constitute an unlawful search and seizure under the Fourth Amendment to the Federal Constitution is nonetheless admissible in a state court, *Wolf* v. *Colorado,* 338 U. S. 25, while such evidence, if obtained by a federal officer, would be clearly inadmissible in a federal court. *Weeks* v. *United States,* 232 U. S. 383. The problem under § 605 is somewhat different because the introduction of the intercepted communications would itself be a violation of the statute, but in the absence of an expression by Congress, this is simply an additional factor for a state to consider in formulating a rule of evidence for use in its own courts. Enforcement of the statutory prohibition in § 605 can be achieved under the penal provisions of § 501.

This question has been many times before the state courts, and they have uniformly held that § 605 does not apply to exclude such communications from evidence in state courts. *Leon* v. *State,* 180 Md. 279, 23 A. 2d 706; *People* v. *Stemmer,* 298 N. Y. 728, 83 N. E. 2d 141; *Harlem Check Cashing Corp.* v. *Bell,* 296 N. Y. 15, 68 N. E. 2d 854; *People* v. *Channell,* 107 Cal. App. 2d 192, 236 P. 2d 654. While these cases are not controlling here, they are entitled to consideration because of the high standing of the courts from which they come.

Texas itself has given consideration to the admissibility of evidence obtained in violation of constitutional or statutory law and has carefully legislated concerning it. In 1925 Texas enacted a statute providing that evidence obtained in violation of the Constitution or laws of Texas or of the United States should not be admissible against the accused in a criminal case.[2] In 1929 this Article 727a of the Texas Code of Criminal Procedure was amended to provide that evidence obtained in violation of the Constitution or laws of Texas or the *Constitution* of the United States should be inadmissible in evidence,[3] thus eliminating from the coverage of the statute evidence obtained in violation of the laws of the United States.

Where a state has carefully legislated so as not to render inadmissible evidence obtained and sought to be divulged in violation of the laws of the United States, this Court will not extend by implication the statute of the United States so as to invalidate the specific language of the state statute. If Congress is authorized to act in a field, it should manifest its intention clearly. It will not be presumed that a federal statute was intended to

---

[2] Tex. Laws 1925, c. 49, § 1.

[3] Vernon's Tex. Stat., 1948, Code Crim. Proc., Art. 727a.

supersede the exercise of the power of the state unless there is a clear manifestation of intention to do so. The exercise of federal supremacy is not lightly to be presumed.

> "The principle thus applicable has been frequently stated. It is that the Congress may circumscribe its regulation and occupy a limited field, and that the intention to supersede the exercise by the State of its authority as to matters not covered by the federal legislation is not to be implied unless the Act of Congress fairly interpreted is in conflict with the law of the State." *Atchison, T. & S. F. R. Co.* v. *Railroad Commission,* 283 U. S. 380, 392–393. See *Savage* v. *Jones,* 225 U. S. 501, 533.

> "It should never be held that Congress intends to supersede or by its legislation suspend the exercise of the police powers of the States, even when it may do so, unless its purpose to effect that result is clearly manifested." *Reid* v. *Colorado,* 187 U. S. 137, 148.

It is due consideration but not controlling that Texas has legislated in this field. Our decision would be the same if the Texas courts had pronounced this rule of evidence.

We hold that § 605 applies only to the exclusion in federal court proceedings of evidence obtained and sought to be divulged in violation thereof; it does not exclude such evidence in state court proceedings. Since we do not believe that Congress intended to impose a rule of evidence on the state courts, we do not decide whether it has the power to do so.

Since the statute is not applicable to state proceedings, we do not have to decide the questions of what amounts

to "interception," or whether if there was interception, the sender had authorized it. These questions can arise only in a federal court proceeding.

The judgment is

*Affirmed.*

MR. JUSTICE BLACK concurs in the result.

MR. JUSTICE FRANKFURTER, concurring in the result.

If the only question involved in this case were the applicability to prosecutions in State courts, in situations like the present, of § 605 of the Federal Communications Act, 47 U. S. C. § 605, as construed in the two *Nardone* cases, 302 U. S. 379; 308 U. S. 338, I would join in the opinion of the Court. I agree with the views on this subject expressed by MR. JUSTICE MINTON.

The matter is complicated, however, by a Texas statute (Art. 727a, Vernon's Code of Criminal Procedure (1948)) which renders inadmissible in criminal trials evidence obtained in violation of any provision "of the Constitution of the United States." If this limitation means, according to Texas law, that the State court is to construe what is or is not a violation under the United States Constitution, it does not raise a federal question. But if the Texas legislation means that the Texas courts are bound by what this Court deems a violation of the United States Constitution, the problem is, or might be, different. See *State Tax Commission* v. *Van Cott,* 306 U. S. 511. While, on the latter assumption, the circumstances attending the evidence that was admitted here would, in my view, render it inadmissible in a federal prosecution, see my dissent in *On Lee* v. *United States,* 343 U. S. 747, 758, the decision of this Court was to the contrary. Therefore the Texas court was in duty bound to follow that decision and to reach the result it reached even if it felt constrained, as apparently it did, to be governed

by the views of this Court as to what constitutes a violation of the United States Constitution. I cannot say that the Texas court should have followed my minority views, to which I adhere, on this constitutional question, and disregarded the Court's authority.

MR. JUSTICE DOUGLAS, dissenting.

Since, in my view (as indicated in my dissent in *On Lee* v. *United States,* 343 U. S. 747, 762), this wire tapping was a search that violated the Fourth Amendment, the evidence obtained by it should have been excluded. The question whether the Fourth Amendment is applicable to the states (see *Wolf* v. *Colorado,* 338 U. S. 25) probably need not be reached, because a Texas statute has excluded evidence obtained in violation of the Federal Constitution. Therefore I would reverse the judgment. It is true that the prior decisions of the Court point to affirmance. But those decisions reflect constructions of the Constitution which I think are erroneous. They impinge severely on the liberty of the individual and give the police the right to intrude into the privacy of any life. The practices they sanction have today acquired a momentum that is so ominous I cannot remain silent and bow to the precedents that sanction them.