Phillip ROSE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 5144.

United States Court of Appeals Tenth Circuit.

Nov. 9, 1955.

**449**

Robert A. Lehman, Denver, Colo., for appellant.

Robert D. Inman, Asst. U. S. Atty., Boulder, Colo. (Donald E. Kelley, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

The information in this case charged that Phillip Rose, having devised a scheme and artifice to obtain money by means of false and fraudulent pretenses and representations, transmitted or caused to be transmitted, by means of interstate telephonic wire communication, sounds for the purpose of executing such scheme and artifice. The defendant filed a motion to dismiss the information for failure to state facts constituting an offense against the United States. The motion was denied; the defendant was convicted and sentenced; and he appealed.

Error is predicated upon the denial of the motion to dismiss the information. The argument in support of the asserted error proceeds upon the view that the use of an interstate telephonic communication for the purpose of executing a previously formed scheme and artifice to obtain money by means of false and fraudulent pretenses and representations does not constitute a violation of section 18 (a) of the Communications Acts Amendments, 1952, 66 Stat. 722, 18 U.S.C.A. § 1343. It is said that the statute is limited to radio and telegraphic communications and does not include interstate communications by means of telephone. The statute provides that "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, represen- tations, or promises, transmits or causes to be transmitted by means of interstate wire, radio, or television communication, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice" shall be punished as therein specified. The word "telephone" or "telephonic" is not found in the statute. But in language too clear for doubt the statute does make it a crime to transmit or cause to be transmitted by means of interstate wire sounds for the purpose of executing a previously formed scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent representations. And that language is broad enough to include an interstate telephonic communication having for its purpose the carrying into effect of a scheme or artifice to obtain money by means of false and fraudulent pretenses or representations. Cf. Nardone v. United States, 302 U.S. 379, 58 S.Ct. 275, 82 L.Ed. 314; Weiss v. United States, 308 U.S. 321, 60 S.Ct. 269, 84 L. Ed. 298; Schwartz v. Texas, 344 U.S. 199, 73 S.Ct. 232, 97 L.Ed. 231; Sablowsky v. United States, 3 Cir., 101 F.2d 183.

Appellant cites and relies upon the legislative history of section 18(a), supra, to support the contention that the statute does not bring within its scope an interstate telephonic communication for the purpose of carrying into effect a previously formed scheme or artifice to defraud, or to obtain money by means of false and fraudulent pretenses or representations. The legislative history indicates that the primary purpose in the enactment of the statute was the prevention of fraud through the use of radio. But there is not to be found in such legislative history any persuasive token of a Congressional intent or purpose to narrow the channel of the statute in such manner that it does not include an interstate telephonic communication as a means of carrying into effect a previously formed scheme or artifice to defraud, or to obtain money by means of false and fraudulent pretenses or representations.

The judgment is affirmed.