Irwin D. Davidson, J.
The defendant Joseph Russo, one of eight defendants indicted for the crimes of conspiracy and the felonious possession of narcotic drugs, moves to inspect the Grand Jury minutes on the ground that the indictment is based upon alleged illegal evidence, procured as a result of wiretapping pursuant to court order under section 813-a of the Code of Criminal Procedure. Although this motion was returnable on August 8, 1960, the Grand Jury minutes were not furnished to the court until October 6, 1960. The defendant bases his application on recent cases decided in the Federal courts. Benanti v. United States (355 U. S. 96) and Pugach v. Dollinger (275 F. 2d 503) and the dissenting opinion of Judge Clarke in Pugach v. Dollinger (277 F. 2d 739). The Benanti case sets forth the Federal rule that evidence obtained by wire-tapping in violation of section 605 of the Federal Communications Act, whether obtained by Federal or State officers, is inadmissible in a Federal court. The majority of the court in Pugach v. Dollinger (277 F. 2d 739) refused to restrain State officers from divulging, in a State court prosecution, evidence obtained as a result of wire-tapping even though the introduction of such evidence would constitute a violation of section 605 of the Communications Act (U. S. Code, tit. 47, § 605). The rule in the Federal courts does not apply to State courts (Schwartz v. Texas, 344 U. S. 199; United States ex rel. Graziano v. McMann, 275 F. 2d 284). The rule in our State courts is that evidence obtained as a result of telephone wire-tapping pursuant to court order under section 813-a of the Code of Criminal Procedure, is admissible (People v. Saperstein, 2 N Y 2d 210; People v. Graziano, 4 N Y 2d 881; People v. Dinan, 7 A D 2d 119, affd. 6 N Y 2d 715). In fact the very issue which this defendant poses on this motion was disposed of in the Dinan case. There the County Court had dismissed an indictment which had been procured on wire-tap evidence. The Appellate Division of the Supreme Court, Second Department, reversed that decision and reinstated the indictment. The court stated at pages 121-122: “ The holding [referring to Benanti v. United States., 355 U. S. 96] might justify a New York court in refusing to grant an *208 application for an order under section 813-a (see Matter of Interception of Tel. Communications, 9 Misc 2d 121). However, it must not be forgotten that the Court of Appeals, in formulating and adhering to the New York rule, did so, as we have seen, with the realization that the very introduction of evidence of this nature would itself constitute the commission of a crime, one with the ostensible sanction of the trial court. Under the circumstances, the rule enunciated by the Court of Appeals should be followed. If indeed a judicial change of the rule ought to be considered, argument should be addressed to the Court of Appeals in an appropriate appeal. ” In its decision (23 Misc 2d 543), this court refused to grant an ex parte application to permit the tapping of a wire under section 813-e of the Code of Criminal Procedure. This court may not rule that an indictment based on wire-tap evidence obtained pursuant to an order under section 813-a of the Code of Criminal Procedure, should be dismissed in the light of the appellate court decisions which set forth the rule applicable to the State courts and by which it is bound. A reading of the testimony adduced before the Grand Jury is such that if it is unexplained or uncontradicted, a conviction by a trial jury would be warranted. Defendant’s motion to inspect the Grand Jury minutes or, in the alternative to dismiss the indictment, is in all respects denied.