UNITED STATES of America
v.
Winston M. REYNOLDS.
Civ. No. 905.

United States District Court
N. D. Florida,
Tallahassee Division.
Feb. 8, 1963.

No appearance for United States.

Winston M. Reynolds, pro se, and Crampton Harris, Birmingham, Ala., for Reynolds.

DeVANE, District Judge.

Petitioner, Winston M. Reynolds, was sentenced by this Court on September 27, 1954, for violations of the Internal Revenue Laws of 1939 relating to excise taxes on wagers. This is petitioner's third effort to have these sentences set aside. He first took an appeal to the United States Court of Appeals for the Fifth Circuit, which affirmed the judgment of this Court in Case No. 2029, Reynolds v. United States, 225 F.2d 123. Following the affirmance of his conviction, petitioner fled to Mexico, where he remained until July 18, 1958, when he was brought back before this Court and entered pleas of guilty to two additional indictments filed against him relating to his flight to Mexico. Petitioner next sought to have the sentences imposed against him in Case No. 2029 declared illegal and set aside pursuant to Rule 35 of the Federal Rules of Criminal Procedure. This petition was denied by this Court and the denial was affirmed by the Court of Appeals for the Fifth Circuit in Reynolds v. United States, 5 Cir., 288 F.2d 78.

Petitioner is now before this Court by motion filed under Title 28 U.S.C. § 2255, to vacate sentences imposed in Case No. 2029 on the ground that cer-

tain evidence was admitted in the case in violation of 47 U.S.C. § 605, and rights given him by the Fourth and Fifth Amendments to the United States Constitution.

Petitioner sets out in his motion filed under Section 2255 an accurate statement of the full history of his activities in his efforts to secure his liberty and further repetition is not necessary here.

■■ No hearing on this motion is necessary for the reason it raises a legal question only; that is, whether the Court erred in permitting the prosecution to file in his case at the time he was tried certain evidence obtained by State police officers at his place of business at the time these police officers were executing search of his place by reason of a State search warrant. These officers, while in the process of their search, answered three telephone calls that came to petitioner's office in which they received from the senders information as to the sales they had made during the week of bolita tickets on that week's business. This information was reduced to writing by the State officers on blanks found in the office used for that purpose and this information was received in evidence by the Court over the objection of counsel for defendant. At that time no claim was made that this evidence was received or published in violation of 47 U.S.C. § 605, but it is now claimed that it was received and published in violation of said Section. This is the sole issue before the Court in this case at this time.

At the trial and on appeal counsel for petitioner vigorously objected to the introduction of this evidence and all other documentary evidence obtained by the State police officers and in commenting upon the grounds of objection to this evidence when the case was before the Court of Appeals, that Court stated:

"The grounds of objection to the various telephone conversations did not in any way refer to the Fourth or Fifth Amendments to the Consti-

tution nor to the 'Wire Tapping Act,' 47 U.S.C.A. § 605, nor are such grounds of objection urged in brief. (Citations omitted) We have not, therefore, considered such grounds of objection. Rule 51 Federal Rules of Criminal Procedure; * * *."

The question this Court has before it is whether petitioner may now raise and have adjudicated a question which was available to him but which he did not raise before this Court when the case was tried or before the Court of Appeals when the case was before it on appeal.

In passing upon this question it is necessary to briefly consider the law as it existed when the case was tried and as it is today. It is necessary to keep in mind that this case was tried at a time when documentary evidence illegally obtained by State officials could be used in the prosecution of a criminal in Federal Court. Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669, which abolished the so-called "silver platter doctrine" to that effect, was not decided until June 27, 1960. And Benanti v. United States, 355 U.S. 96, 78 S.Ct. 155, 2 L.Ed.2d 126, which attempted to clear up the confusion that had arisen with reference to the decisions of the Supreme Court in Nardone v. United States, 302 U.S. 379, 58 S.Ct. 275, 82 L.Ed. 314 and 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307, and Schwartz v. State of Texas, 344 U.S. 199, 73 S. Ct. 232, 97 L.Ed. 231, relating to Section 605, was not decided until December 9, 1957, which was more than three years after the decision of this Court in this case.

■ In the opinion of this Court 28 U.S.C. § 2255, is not a vehicle for repeated reviews of judgments in cases which were properly decided after full consideration because counsel for a defendant failed to include in his assignments of error alleged grounds for reversal which were available to him at the time. Justice Vinson, while Associate Justice of the Court of Appeals for the

District of Columbia, in Warring v. Colpoys, United States Marshal, 74 App.D.C. 303, 122 F.2d 642, announced the rule that in the opinion of this Court should be controlling here. If the doors of our District Courts can be opened by defendants yet in custody under sentences upon conviction where what is now illegal state evidence was introduced in their case prior to the decision of the Supreme Court of the United States in Elkins v. United States, supra, a chaotic condition will result.

This Court holds that petitioner has no right at this late date to come to this Court under Title 28 U.S.C. § 2255, to have vacated and set aside the sentences imposed upon him in 1954, which have been heretofore twice affirmed by the Court of Appeals for the Fifth Circuit.

For the reasons stated above the motion to vacate the sentences and discharge petitioner will be denied.