Albert H. Bosch, J.
A petition was made by John T. Landers and Richard W. Croughan, attorneys for Joseph Lawless and Jacob Torba, respectively, requesting an order prohibiting the use and projection and submission of alleged wire-tap evidence in a matter that is now pending before the Grand Jury, Queens County, in which Joseph Lawless and Jacob Torba are witnesses before said Grand Jury, and why an order should not be made and entered enjoining the use of wire-tap evidence and why an order should not be made and entered suppressing any and all wire-tap evidence which is, on information and belief, to be submitted to the Queens County Grand Jury, and why such other, further relief should not be granted herein as may be just and proper in the circumstances.
At the time this application was argued before this court, Herbert J. Miller, Esq., as attorney for Ernest Kabath, joined in the application.
It might be well to dispose of an issue raised for the first time on the oral argument of this motion — namely an endeavor to characterize these proceedings as in the nature of an article 78 proceeding under the CPLR (7801 et seq.). If this were so, then, this court would not be the proper forum.
The court is of the opinion that there is nothing indicated in the moving papers,— nor in the relief sought, to bring the proceedings within the purview of the applicable CPLR (7801 et seq.). It is, and this court does so construe it,— a motion addressed to the discretion of the court.
The petitioners allege that upon information and belief an ex parte order under section 813-a of the Code of Criminal Procedure had been obtained and as a result of said order, an interception was made, of certain conversation or conversations which may pertain to Joseph Lawless and Jacob Torba who, at the present time has been subpeened by the Grand Jury of Queens County.
The petitioners further allege that the evidence which will be submitted to the Grand Jury of Queens County is illegal evidence, and the submission of such illegal evidence will of necessity involve the commission of a Federal crime in violation of section 605 of the Federal Communications Act of 1934 (U. S. Code, tit. 47, § 605). The petitioners argue that the Grand Jury must, according to section 249 of the Code of Criminal Procedure, receive none but legal evidence and that the alleged evidence obtained by reason of a telephonic interception being illegal may not be presented to the Grand Jury.
*1042 In support of their position they cite Benanti v. United States (355 U. S. 96) wherein it was held that wire-tap evidence obtained by State officers was inadmissible in the trial of a Federal case. They further urged that the decision of Mapp v. Ohio (367 U. S. 643) extended the exclusionary rule prohibiting the use of illegal evidence, where evidence obtained as a result of an unreasonable search and seizure, to include the securing of such evidence as would be secured by a wire tap without the permission of the person affected. Furthermore, that an order to wire tap secured pursuant to section 813-a of the Code of Criminal Procedure is in violation of the Fourth Amendment.
The Court of Appeals in People v. Dinan (11 N Y 2d 350, 354-355) definitely ruled that Mapp v. Ohio (supra), did not overrule Schwartz v. Texas (344 U. S. 199) and stated:
“ The identical result does not necessarily follow in case of divulging telephone conversations in violation of section 605 of the Federal Communications Act, inasmuch as a statute may not possess the sanction of a constitutional inhibition protecting against fundamental rights granting immunity from unreasonable search and seizure.
“ There is an indication that the Supreme Court of the United States adopted this distinction in deciding Pugach v. Dollinger (365 U. S. 458) in 1961, several months prior to deciding Mapp v. Ohio (supra). The determination of the Federal Court of Appeals in the Second Circuit (277 F. 2d 739) was affirmed by the Supreme Court in a memorandum decision citing Schwartz v. Texas (344 U. S. 199, supra) and Stefanelli v. Minard (342 U. S. 117). The Pugach case involved a Federal injunction sought against proceedings in a State court, to be sure, and Stefanelli v. Minard held that the Federal courts would not ordinarily restrain the State courts from receiving illegally obtained evidence in advance of trial. Pugach could have been decided exclusively on that theory, as Justice Brennan pointed out in his concurring memorandum by voting to affirm on the authority of Stefanelli alone. But in the face of that the majority affirmed both on that theory and on a rationale of Schwartz v. Texas. We thus have a clear and authoritative decision by the Supreme Court, on the eve of Mapp v. Ohio, reaffirming the Schwarts doctrine that State-obtained wire taps may be admitted into evidence in criminal trials in State courts notwithstanding section 605 of the Federal Communications Act. Is it, then, to be assumed, that the Supreme Court in Mapp meant to overrule Pugach without citing it insofar as Pugach reaffirmed Schwartz, or was the intention of the Supreme Court in deciding Mapp v. *1043 Ohio to limit its application to situations where evidence has been obtained unconstitutionally by unreasonable search and seizure (which wire taps are not) without intending to render inadmissible in State courts all illegally obtained evidence where the Constitution has not been violated but only a Federal statute or rule? So, at least, the Second Circuit seems to have thought in Williams v. Ball (294 F. 2d 94, 96) where the court stated: 6 We do not read Mapp v. Ohio, 1961, 367 U. S. 643, * * * as overruling sub silentio Schwartz v. Texas — on which six Justices had expressly relied, only four months earlier, in the per curiam affirmance, 1961, 365 U. S. 458, * * * of our decision in Pugach v. Dollinger, 2 Cir., 1960, 277 F. 2d 739.’ ”
The Federal courts themselves recognize the fact that orders for wire tapping issued under section 813-a are being executed in New York State when it stated in Pugach v. Dollinger (277 F. 2d 739, 744, affd. 365 U. S. 458): “We have no reason to think that issuance of injunctions in these two cases would lead New York prosecutors to desist from this time forward from offering wiretap evidence in New York courts as permitted by the law of that state ”.
In United States ex rel. Graziano v. Mc Mann (275 F. 2d 284, 285, cert. den. 365 U. S. 854, 2nd Cir.) the court said with reference to the use in a State court of tapped telephone evidence (pp. 285-286): “We have no difficulty in unanimously affirming the District Court, despite the fact that evidence presented against appellant was obtained and divulged in violation of 47 U. S. C. A. § 605. We believe that Schwartz v. State of Texas, 1952, 344 U. S. 199, 73 S. Ct. 232, 97 L. Ed. 231, is complete authority for the result we reach. Provided it has logical reference to the proof required to establish guilt, wiretap evidence obtained by New York State officers who have been affirmatively authorized to tap pursuant to Section 813-a of the State Code of Criminal Procedure is held by the New York Court of Appeals to be admissible in criminal cases in the New York Courts. People v. Variano, 1959, 5 N. Y. 2d 391, 185 N. Y. S. 2d 1, 157 N. E. 2d 857; People v. Saperstein, 1957, 2 N. Y. 2d 210, 159 N. Y. S. 2d 160, 140 N. E. 2d 252. Cf. People v. Dinan, 2nd Dept., 1958, 7 A. D. 2d 119, 181 N. Y. S. 2d 122, affirmed 1959, 6 N. Y. 2d 715, 185 N. Y. S. 2d 806, 158 N. E. 2d 501, certiorari denied 1959, 361 U. S. 839, 80 S. Ct. 71, 4 L. Ed. 2d 78. Even though, unless authorized by the sender, evidence obtained by intercepted wiretap would be clearly inadmissible in a federal court, Nardone v. United States, 1937, 302 U. S. 379, 58 S. Ct. 275, 82 L. Ed. 314; Weiss v. United States, 1939, 308 U. S. 321, 329, 60 S. Ct. 269, 84 *1044 L. Ed. 298, introduction of the identical wiretap evidence in New York State Courts, although clearly violative of the federal prohibitory statute, is not thereby prevented.”
The petitioners also referred to People v. Beshany (43 Misc 2d 521). The facts under that case do not apply to this application.
In substance then, what the petitioners argued at length to this court as a basis for the granting of the relief sought herein, was what has become to be known as the recent trend toward a uniform national standard — a sort of legalistic federalism in the area of criminal procedure. There is little doubt that in certain areas there have been drastic departures from what was for over a century regarded as State independence in the constitutional law of criminal procedure. (Griffin v. Illinois, 351 U. S. 12; Mapp v. Ohio, 367 U. S. 643, supra; Silverman v. United States, 365 U. S. 505; Gideon v. Wainwright, 372 U. S. 335.)
This court has found no extention of this trend even remotely applicable to the enforcement of section 605 of the Federal Communications Act where a State has legislated in the area of permissive wire tapping pursuant to court order. (Olmstead v. United States, 277 U. S. 438; Schwartz v. Texas, 344 U. S. 199 ; Pugach v. Dollinger, 365 U. S. 458; People v. Variano, 5 N Y 2d 391; People v. Dinan, 11 N Y 2d 350.)
Therefore, in taking the position that the Federal courts should respect the problems of the individual States in enforcing their criminal statutes, it is not unreasonable for the local law-enforcement authorities to interpret this to mean that section 605 of the Federal Communications Act is not so all-inclusive as to prohibit the use of evidence in a State court or a duly constituted G-rand Jury, secured by an order allowing a wire tap. Perhaps our judiciary, in its efforts to refine the semantics of the times have overlooked a few basic principles. The time has come to re-evaluate the rights of the individual citizens and his belief that acts which are designated as criminal by our States and the Federal G-overnment have been enacted for the protection of the law-abiding. The present deep concern which some of our courts have developed in protecting the rights of criminals should not be allowed to emasculate the laws which the people, through their duly-elected representatives, believe are necessary to protect the basic rights of the law-abiding.
This court is not prepared to disregard well-established precedent, or to extend into this area a legalistic federalism of criminal procedure.
*1045 Intercepted telephone conversations are not illegal or inadmissible in evidence in the courts of this State when they are secured pursuant to the provisions of section 813-a of the Code of Criminal Procedure and the District Attorney of Queens County shall not be prohibited from presenting such legal evidence to a Grand Jury of Queens County. Application is in all respects denied, stay vacated.