Jambs L. Dowsbt, J.
Defendant, Thomas R. Kaiser, moves for an order declaring unreasonable, illegal and void the interception of telephone communications pursuant to an order signed on July 1, 1964 by the Hon. Harold Spitzer, former County Judge of Nassau County; and further, for an order precluding the use of evidence upon the trial of the indictment, the results of the telephonic communications.
The order signed on July 1, 1964 was done in compliance with section 813-a of the Code of Criminal Procedure of the State of New York, which provides, in part, that “ An ex parte order for eavesdropping as defined in subdivisions one and two of section seven hundred thirty-eight of the penal law may be issued by any * * * judge of a county court * * * upon oath or affirmation of a district attorney * * * or of an officer above the rank of sergeant of any police department of the state or any political subdivision thereof, that there is reasonable ground to believe that evidence of crime may be thus obtained, and particularly describing the person or persons whose communications, conversations or discussions are to be overheard or recorded and the purpose thereof, and, in the case of a telegraphic or telephonic communication, identifying the particular telephone number or telegraph line involved. In connection with the issuance of such an order, the justice or judge may examine on oath the applicant and any other witness he may produce and shall satisfy himself of the existence of reasonable grounds for the granting of such application.”
The defendant seeks a hearing to determine whether the information submitted to the court was legally sufficient to support the ex parte order.
_ The defendant, in requesting a hearing is attempting to convince this court that a close analogy exists between the ex parte *870 order authorizing the interception of a telephone communication pursuant to section 813-a of the Code of Criminal Procedure, and the issuance of an order for a search warrant, pursuant to section 793 of the Code of Criminal Procedure. A search warrant is issued upon facts and circumstances which permit the signing Judge to conclude that ‘ ‘ prohable cause ’ ’ exists. A wiretap order, as explained herein, is issued upon “ reasonable ground to believe that evidence of crime may be thus obtained ”. In the case of a wiretap, the Judge issuing the order has the authority by the statute to examine on oath the applicant and the witnesses he may produce, and he invariably does so to satisfy himself of the existence of reasonable grounds for the granting of the ex parte wiretap order, and in doing so, a consensus has developed, that sound discretion can only be exercised if the criteria of proof required to establish “ reasonable ground ’ ’ in the issuance of an ex parte wiretap is tantamount to the stringent requirement of probable cause that exists in the issuance of an order for a search warrant. The analogy ends right there, however. Section 807 of the Code of Criminal Procedure provides for contravention of a search warrant to test the grounds of probable cause upon which it was issued; there exists no analogous provision in the Code of Criminal Procedure to contravene the issuance of an ex parte wiretap order; an inherent right does not exist in one whose telephone is tapped pursuant to section 813-a to determine by a hearing whether or not the judicial discretion of the Judge, which issued the order, was properly exercised.
It has been the policy of this court in the absence of legislative fiat in permitting a hearing concerning issuance of wiretap orders, similar to the type of hearing held to test the issuance of search warrants pursuant to section 807 of the Code of Criminal Procedure, to presume that the Judge, who issued the order, exercised sound discretion and that the ex parte wiretap order was issued upon the sufficient proof required.
It is conceded, however, that in the context of special circumstances, a court, in the absence of specific statutory authority, has the inherent power to review wiretap orders where the interest of justice mandates; no such compelling reason has been set forth by the defendant in the instant case.
OPLR 4506 provides that evidence obtained by means of eavesdropping without a court order shall be inadmissible in criminal proceedings.
This exclusionary rule does not apply to authorized wiretaps by court order issued under section 813-a of the Code of Criminal Procedure.
*871 Section 813-a does not violate any provision of the Federal Constitution. The United States Supreme Court has held in Olmstead v. United States (277 U. S. 438) that telephone wiretapping does not violate the Fourth ox the Fifth Amendment.
Section 605 of title 47 of the United States Code (Federal Communications Act of 1934) prohibits “interception” and “ divulgence ” and such wiretap evidence is therefore inadmissible in Federal courts. In Nardone v. United States (308 U. S. 338) the court stated that evidence obtained by wiretap shall not be used at all. Does the Federal exclusionary rule apply to State criminal prosecutions? The Supreme Court in Schwartz v. Texas (344 U. S. 199) stated it did not. Later in Benanti v. United States (355 U. S. 96) the court intimated that Congress would frown upon State legislation that was inconsistent with section 605; any contradiction would violate the public policy implicit in the Federal prohibition.
In Pugach v. Dollinger (277 F. 2d 739, affd. without opn. 365 U. S. 458) the court stated that a police officer who taps a telephone, even though authorized by a State court order, when he divulges same, a Federal crime is committed. An attitude is developing in State courts against “use” or “divulgence” of wiretap evidence based on this rationale. See Matter of Interception of Tel. Communications (9 Misc 2d 121) decided January 2, 1958, stating that all wiretaps, whether authorized by section 813-a of the Code of Criminal Procedure or not, are illegal.
In spite of this history concerning wiretap evidence, the policy of this court is guided by the perspective evolving from the 1938 Constitutional Convention prohibiting wiretapping without court order (art. I, § 12); in 1942 the ban was implemented by the enactment of section 813-a of the Code of Criminal Procedure authorizing use by court order; and an exclusionary rule, by CPLR 4506, of unauthorized wiretaps. It is to be noted from this history that no statutory provision exists for a pretrial motion to suppress, of the type presently before this court.
In People v. Cohen (41 Misc 2d 158) a hearing was demanded and rejected; the defendant’s appeal was dismissed by the Appellate Division (N. Y. L. J., April 18,1963, p. 16, col. 5) and leave to appeal to the Court of Appeals was denied both by Ftjld, J., on July 10, 1963 and by the court en banc (13 N Y 2d 595); see People v. Scardaccione (41 Misc 2d 433).
On February 25, 1964 in People v. Cohen (42 Misc 2d 403) it was held on a reconsideration of the motion to suppress, that the prior denial was solely on procedural grounds, and that the court had the inherent power of vacating a wiretap order if perjury *872 or error be shown in the original supporting affidavits or for any other cogent reason; the court employed section 813-c of the Code of Criminal Procedure to suppress wiretap evidence based on the interpretation that it was the legislative intent of State compliance with Federal constitutional search and seizure requirements pursuant to the mandate of Mapp v. Ohio (367 U. S. 643).
This court disagrees with such pragmatic elasticity of interpretation of section 813-c; if this type of subjectivity were to prevail by all Judges of courts of original jurisdiction, chaos wpuld reign in the administration of justice; uniformity and consistency can prevail only if courts of original jurisdiction refrain from usurping the appellate and legislative functions.
In an appeal from the order dated March 13, 1964 involving People v. Cohen the Appellate Division (24 A D 2d 900) found that although sufficient consent was not forthcoming to support the search without a warrant and not incidental to a lawful arrest, that the affidavits supporting the wiretap order were sufficient. Then, by way of dicta, the court intimated that the wiretap order was the proper subject of judicial review by utilizing the same procedural mechanics utilized with respect to warrants for search and seizure.
If the implications of this decision are to be followed by this court without becoming mired in a quandary, the Legislature, without delay, should define by statutory procedure the mechanics to be followed in conducting such judicial review, and more importantly, to provide a uniform standard at to what constitutes “ reasonable ground to believe evidence of a crime may be thus obtained ’ ’; this will produce a record of the facts subject to later judicial review; require filing with the issuing Judge the results of each order in the form of a return; and last but certainly not least, provide for filing of the order and return with the Clerk of the court with provision that same be made available to defense counsel, to enable him to controvert the factual basis upon which the order was issued; only then will a semblance of due process arise from the chaos and uncertainty that now exists.
The Court of Appeals in People v. Dinan (11 N Y 2d 350) has reaffirmed the policy adopted in People v. Variano (5 N Y 2d 391); People v. Dinan (7 A D 2d 119, affd. 6 N Y 2d 715) based on the power reserved to the States, as enumerated in Schwarts v. Texas (supra), that wiretaps do not infringe constitutional immunities against unreasonable searches and seizures (Olmstead v. United States, supra). The court further stated that although Benanti, Nardone and Schwartz held the means of *873 obtaining such evidence illegal, the State forum should decide as a policy measure whether the exclusionary rule of section 605 of the Federal Communications Act should be implemented. The highest court of this State, as a matter of policy, has chosen not to exclude such testimony. This court is, therefore, bound to adhere to the policy promulgated in People v. Dinan (supra).
This court, although denying a pretrial motion to suppress wiretap evidence, does not preclude a possible exploration of the underlying basis of reasonable grounds that existed at the time the ex parte wiretap order was issued, in the course of the trial as a condition precedent to establishment of the proper foundation to introduce the wiretap evidence under normal rules of evidence; this court is of the opinion that due process requires such an examination.
Only the future legislative or appellate process can determine and redefine whether the protection of the Fourth Amendment can be interpreted to encompass the proprietary interest of a person’s words or phrases in the context of discourse in a phone conversation and for the purposes of uniformity, promulgate the procedural mechanics of testing pretrial the basis upon which ex parte wiretap orders were signed. Until such an eventuality, the court is limited to implementation of the law as it currently is interpreted, without entering the domain of the appellate process in search of novel contemporary legal truths. It is therefore ordered that the application is denied.