**UNITED STATES of America ex rel. Thomas GRIFFIN, Appellant,**

v.

**Edward J. HENDRICK, Superintendent of County Prisons.**

**No. 14525.**

United States Court of Appeals Third Circuit.

Argued May 2, 1966.

Decided May 16, 1966.

Joseph V. Restifo, Philadelphia, Pa., for appellant.

Michael J. Rotko, Asst. Dist. Atty., Philadelphia, Pa. (Joseph M. Smith, Asst. Dist. Atty., Chief, Appeals Division, Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before FORMAN, GANEY and FREEDMAN, Circuit Judges.

PER CURIAM.

Thomas Griffin, appellant herein, was convicted in a Pennsylvania state proceeding on multiple charges of unlawful sale and possession of drugs and is presently serving an aggregate sentence of 15 to 30 years. Having exhausted his remedies of direct appeal and state habeas corpus, he applied to the United States District Court for the Eastern District of Pennsylvania for a writ of habeas corpus, which was denied. United States ex rel. Griffin v. Hendrick, 217 F.Supp. 865 (E.D.Pa.1963).

Griffin had been convicted in a trial where taped recordings of certain of his telephone conversations, intercepted by means of wire taps, had been introduced into evidence. The sole grounds urged herein for issuance of the writ are: (1) that this violation of the Federal Communications Act, 47 U.S.C. § 605, makes such acquired evidence inadmissible in *state* as well as federal proceedings; and (2) the United States Constitution requires that such evidence be excluded from state proceedings.

Though, as was made manifest by the vigorous and thorough argument of counsel for appellant, recent Supreme Court decisions have defined areas of individual liberty which are constitutionally protected, cases such as Schwartz v. State of Texas, 344 U.S. 199, 73 S.Ct.

232, 97 L.Ed. 231 (1952), and Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944 (1928), remain the controlling authorities dispositive of the contentions herein adverse to the appellant. Hence, the order of the United States District Court for the Eastern District of Pennsylvania of May 23, 1963 will be affirmed.