Rudolph L. SANDOVAL, Petitioner-Appellant,

v.

Walter E. CRAVEN, Warden, Respondent-Appellee.

No. 23918.

United States Court of Appeals,
Ninth Circuit.

Nov. 3, 1970.

Richard Marshall (argued), San Francisco, Cal., for petitioner-appellant.

Mark Christensen (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Los Angeles, Cal., for respondent-appellee.

Before BROWNING, KILKENNY and TRASK, Circuit Judges.

TRASK, Circuit Judge:

Rudolph L. Sandoval appeals from the denial of his petition for a writ of habeas corpus by the District Court for the Central District of California.

Sandoval was convicted of possession of heroin at a non-jury trial in the Los Angeles Superior Court. The California Supreme Court affirmed his conviction, People v. Sandoval, 65 Cal.2d 303, 54 Cal.Rptr. 123, 419 P.2d 187 (1966). The United States Supreme Court denied certiorari, with Mr. Justice Douglas dissenting. 386 U.S. 948, 87 S.Ct. 985, 17 L.Ed.2d 878 (1967).

The relevant facts are as follows: Sandoval placed a telephone call to one "Jessie" whose home at the time was being searched by the Los Angeles police with a warrant. A policeman answered the phone. Sandoval asked, "Is this Jessie?" The policeman answered, "Yes." Sandoval then told the policeman (thinking him to be Jessie) to hurry up and meet him. Upon inquiry of Jessie, who was in the room, the policeman was told that Sandoval was waiting at a particular location. He described the location and Sandoval for the officers and told them that Sandoval was waiting for him to pick up heroin. The officers met

Sandoval, found heroin in his possession and arrested him.

■■ The only significant issue is whether the statements heard by the officer over the telephone without the consent of appellant, the sender, were admissible at the trial because they constituted an interception within the meaning of the Federal Communications Act.[1]

The Federal Communications Act, 47 U.S.C. § 605, provides:

"No person not being authorized by the sender shall intercept any communication and divulge * * * the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. * * *"

Prior to the decision of the Supreme Court in Lee v. Florida, 392 U.S. 378, 88 S.Ct. 2096, 20 L.Ed.2d 1166 (1968), communications obtained in violation of Section 605 were not constitutionally inadmissible in trials in state courts. Schwartz v. Texas, 344 U.S. 199, 73 S.Ct. 232, 97 L.Ed. 231 (1952). However in *Lee, supra, Schwartz* was reversed and the Court held that evidence obtained in violation of Section 605 was no longer admissible in a state trial. In Fuller v. Alaska, 393 U.S. 80, 89 S.Ct. 61, 21 L.Ed.2d 212 (1968), it was decided that *Lee* was not to be applied retroactively. Following the guidance of these cases we note that Sandoval was tried and his conviction affirmed by the California Supreme Court while the rule of Schwartz v. Texas, 344 U.S. 199, 73 S.Ct. 232, 97 L.Ed. 231 (1952), was still in full force and effect. That being so, it becomes unnecessary to decide whether or not the evidence here is within the interdiction of Section 605 because that section has no application to this state court trial which antedated *Lee*, and evidence received in violation of it does not pose a question under the federal constitution.

The judgment is affirmed.

1. Appellant also claims that the admission of Jessie's statement violated his right to confrontation and cross-examination, as outlined in Bruton v. United States, 391

U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). *Bruton* is not applicable. Here, Jessie was not a co-defendant, and the trial was not a jury trial.