In the Matter of LEONARD ALLEN, Petitioner, *v.* PATRICK V. MURPHY, as Police Commissioner of the City of New York, Respondent.

In the Matter of CHARLES W. LEIGH, Petitioner, *v.* PATRICK V. MURPHY, as Police Commissioner of the City of New York, Respondent.

First Department, June 29, 1971.

*Victor J. Herwitz* for petitioners.

*Edmund B. Hennefeld* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for respondent.

118

*Per Curiam.* In these CPLR article 78 proceedings (transferred to the Appellate Division by orders of Special Term, LUPIANO, J.) petitioners seek a review and annulment of respondent's determination, dated October 7, 1970, dismissing them from the department for misconduct. Since identical questions are involved in both proceedings they are discussed and treated together.

The charges were (1) that while assigned to the Chief Inspector's Investigating Unit and for a period from August 31, 1963 to on or about June 24, 1964, petitioners conspired with other members of the Police Department and others, to aid and abet certain known gamblers in carrying on their gambling operations; (2) as part of the same conspiracy petitioners in furtherance thereof, together with other members of the Police Department, willfully and corruptly agreed to refrain from the honest performance of their duty with respect to enforcement of the State gambling laws.

On the evidence before us, if such evidence were competent, the determination would be fully warranted and confirmed. However, petitioners urge that the evidence was obtained by wiretapping, and the use of such evidence is proscribed. It is urged also by petitioners that, *inter alia,* by reason of the long delay in bringing them to trial they were denied due process and it became impossible for them to obtain a fair trial. The latter contention of petitioners is, in our opinion, without merit. The alleged use of wiretap evidence, however, presents a more serious issue. It does appear that wiretap evidence or the fruits thereof was used here. At the time the evidence, or part thereof, was obtained by wiretapping it was clearly admissible in evidence in State trials (*Schwartz* v. *Texas,* 344 U. S. 199). But in *Lee* v. *Florida* (392 U. S. 378) where, without permission of the parties, Florida police connected a telephone in a neighboring house to a party line and recorded conversations heard on the party line, which recordings were thereafter introduced in evidence, over objection, at petitioner's trial for violation of the State lottery laws, the conviction was reversed. The case was decided June 17, 1968, and expressly overruled *Schwartz v. Texas* (*supra*). The court found the police conduct to be a violation of section 605 of the Federal Communications Act (U. S. Code, tit. 47, § 605) in view of the express Federal prohibition against divulgence of recordings procured illegally, and held that evidence violative of section 605 is not admissible in State criminal trials. In *Fuller* v. *Alaska* (393 U. S. 80) the Supreme Court held " that the exclusionary rule of *Lee* is to be given prospective application " only.

It had been held earlier in *Mapp* v. *Ohio* (367 U. S. 643) that evidence obtained by State officers in an unreasonable search was inadmissible in State criminal trials. And in *Matter of Finn's Liq. Shop* v. *State Liq. Auth.* (24 N Y 2d 647) the exclusionary rule of *Mapp* v. *Ohio* was applied to administrative proceedings. In light of the foregoing authorities the divulgence and use of evidence obtained by means of a wiretap would be prohibited in this proceeding (see, also, *People* v. *Iannacone,* 36 A D 2d 747; *People* v. *Trief,* 37 A D 2d 553). In the case before us there was other evidence besides that obtained by the use of the wiretap. It is not immediately evident what consideration was given the prohibited evidence nor to what extent it affected or influenced the determination. It may well be that the evidence not subject to the restriction heretofore indicated might, when separately considered, warrant a similar determination to that before us. At any rate, in light of the seriousness of the charges respondent should be afforded the opportunity to separately consider and evaluate such evidence.

The determinations reviewed should be annulled and the matter remanded to respondent for further proceedings not inconsistent with our decision, without costs to either party.

STEVENS, P. J., CAPOZZOLI, McGIVERN, MARKEWICH and TILZER, JJ., concur.

Determinations of respondent dated October 7, 1970, unanimously annulled and the matter remanded to respondent for further proceedings not inconsistent with the *Per Curiam* opinion of this court filed herein, without costs and without disbursements.